**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 12 1997**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

ROBERT ELLIS MARTIN,

Defendant-Appellant.

No. 96-6061
(D.C. No. CIV-95-1111-A)
(W.D. Okla.)

---

ORDER AND JUDGMENT*

---

Before BRISCOE and MURPHY, Circuit Judges, and VAN BEBBER,** District Judge.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

---

\* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

\*\* Honorable G. Thomas Van Bebber, Chief Judge, United States District Court for the District of Kansas, sitting by designation.

Defendant Robert Ellis Martin appeals the district court's denial of his motion to vacate, set aside, or correct his sentence, brought pursuant to 28 U.S.C. § 2255. The district court concluded all of defendant's claims were procedurally barred. We agree with the district court's conclusion except as regards defendant's claims of ineffective assistance of counsel at sentencing. We affirm in part, reverse in part, and remand for further proceedings.

In December 1990, upon conviction for distribution of cocaine base and conspiracy, defendant was sentenced to 240 months' incarceration. He did not appeal either the convictions or the sentence. In January 1992, defendant filed a motion seeking a late appeal, which was denied in February 1992. Three and a half years later, defendant filed this § 2255 motion, raising the following claims: (1) his attorney was ineffective for not filing a direct appeal; (2) the district court erred in denying his motion for a late appeal; (3) rule 32 of the Federal Rules of Criminal procedure was violated; (4) his sentence was incorrectly calculated by using an erroneous base level, an improper enhancement for obstructing justice, and an incorrect assessment of his role in the offense; (5) his attorney was ineffective for not raising certain issues at sentencing; and (6) the evidence was insufficient to support his conviction for conspiracy. See R. I, doc. 29.

In its response, the government alleged that defendant's failure to raise his claims in a direct appeal procedurally barred him from raising them in this § 2255

-2-

motion. Viewing the viability of all of defendant's claims as dependent upon his claim that counsel was ineffective for failing to appeal, the district court appointed counsel and ordered an evidentiary hearing before a magistrate judge on this issue. After the hearing, the magistrate judge recommended that defendant's § 2255 motion be denied on the ground that his issues were procedurally barred, finding that defendant had been advised of his right to appeal by his attorney, and that he voluntarily waived that right. The district court adopted the findings and recommendation of the magistrate judge after a de novo review, and this appeal followed.

On appeal, defendant argues that the district court erred in finding that his counsel was not ineffective for failing to appeal, and that he should have been given an evidentiary hearing on his other issues. We also raised, sua sponte, the question of our jurisdiction in this case, based on the recent amendments to 28 U.S.C. § 2255 under the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 (the Act). The Act amends § 2255 to limit the time in which a defendant may file such a motion, under most circumstances, to one year after his conviction became final. See 110 Stat. at 1220. In response to our order, the parties have submitted supplemental briefs on this issue.

We conclude that we have jurisdiction to decide this case. In United States v. Lopez, 100 F.3d 113, 116-17 (10th Cir. 1996), we held that the one-year limit

on filing § 2255 motions did not apply to an appeal that was pending when the Act became effective, because such retroactive application would attach new legal consequences to events completed before the Act's enactment. Here too, application of the one-year limit would attach new consequences to defendant's failure to file his motion earlier. The new legislation, therefore, does not operate retroactively to preclude defendant's appeal.

When reviewing the denial of a § 2255 motion, we review the district court's legal rulings de novo, and its findings of fact for clear error. United States v. Cox, 83 F.3d 336, 338 (10th Cir. 1996). "A claim of ineffective assistance of counsel presents a mixed question of law and fact which we review de novo." Brewer v. Reynolds, 51 F.3d 1519, 1523 (10th Cir. 1995), cert. denied, 116 S. Ct. 936 (1996).

A § 2255 defendant is procedurally barred from raising issues that were not raised in a direct appeal, unless he or she establishes cause for the default and prejudice therefrom, or that manifest injustice will result if the claims are barred. United States v. Cook, 45 F.3d 388, 392 (10th Cir. 1995); see United States v. Frady, 456 U.S. 152, 164-68 (1982). This rule applies to collateral attacks on sentences as well. United States v. Allen, 16 F.3d 377, 378 (10th Cir. 1994). Cause and prejudice may be established by showing that appellate counsel

rendered ineffective assistance in failing to appeal meritorious issues. Cook, 45 F.3d at 392-93.

Here, the district court found that counsel's failure to file a notice of appeal was not ineffective assistance in light of defendant's knowing waiver of his right to appeal. Defendant has not demonstrated any error in this finding. Because counsel was not ineffective in failing to file an appeal, defendant is procedurally barred from raising any issues in his § 2255 motion that he did not raise in a direct appeal, with one exception. Defendant has claimed that his counsel was ineffective in failing to make certain objections and motions at sentencing. See R. I, doc. 29 at 11-14.[1] Because the district court found this claim was also procedurally barred, it did not address the merits of the ineffective assistance claim or determine whether further factual development was needed. The procedural bar rule does not apply to ineffective assistance of counsel claims, however. See United States v. Galloway, 56 F.3d 1239, 1240-41 (10th Cir. 1995) (holding that ineffective assistance claims are not subject to procedural bar, and that it is province of district court to factually develop record and address merits

---

[1] In his appellate brief, defendant has identified numerous errors allegedly committed by his attorney throughout the trial and sentencing process. See Appellant's Br. at 20-23, 35-38. His § 2255 motion did not raise many of these errors, however, asserting only the sentencing errors identified at pages 11-14 of his motion. See R. I, doc. 29 at 11-14. We do not consider issues raised for the first time on appeal. See, e.g., United States v. Griffin, 48 F.3d 1147, 1151 n.6 (10th Cir. 1995).

of claim). The case must be remanded, therefore, to the district court for further proceedings only on those ineffective assistance claims identified by defendant in pages 11-14 of his § 2255 motion.

The judgment of the district court is AFFIRMED in part, REVERSED in part, and REMANDED for further proceedings on the issue of whether counsel was ineffective in his representation of defendant at sentencing. The mandate shall issue forthwith.

Entered for the Court


Mary Beck Briscoe
Circuit Judge