F I L E D
United States Court of Appeals
Tenth Circuit

FEB 13 1997

PATRICK FISHER
Clerk

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

GERRY H. CALE,

Defendant-Appellant.

No. 96-5096
(D.C. No. 95-C-903-E)
(N.D. Okla.)

ORDER AND JUDGMENT[*]

Before ANDERSON, KELLY, and LUCERO, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

---

[*]    This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Petitioner/Appellant Gerry H. Cale appeals the district court's denial of his motion, brought under 28 U.S.C. § 2255, to vacate, set aside or correct his sentence.[1]  We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Cale was found guilty of conspiracy to distribute marijuana in violation of 21 U.S.C. § 846 following a multi-defendant jury trial.  An earlier trial had ended in mistrial.  The district court sentenced him to a term of 188 months imprisonment, to be followed with a five-year term of supervised release.  We affirmed his conviction on direct appeal in United States v. Powell, 982 F.2d 1422 (10th Cir. 1992), and the relevant facts relating to Cale's conviction and sentence are more fully set forth in that opinion.

Cale filed this § 2255 motion on September 11, 1995, contending that his attorney was ineffective in (1) failing to investigate, interview, and call his codefendants as witnesses, (2) not allowing Cale to testify on his behalf, (3) moving for a mistrial of the first trial, (4) not moving for a mistrial of the second trial, (5) not requesting an instruction on a buyer-seller theory of defense to the drug conspiracy charges, and (6) failing to request a downward departure at

---

[1]    28 U.S.C. § 2253(c)(1)(B) requires a party appealing the denial of a § 2255 motion to obtain a certificate of appealability.  This requirement became effective April 24, 1996, and is not applied retroactively to this § 2255 appeal, which was filed on April 3, 1996.  See United States v. Lopez, 100 F.3d 113, 117 (10th Cir. 1996).

sentencing. He also argued the district court erred in attributing to him conduct of others in the conspiracy for which he was "merely aware." The district court determined that the record was sufficient to review adequately Cale's claims without an evidentiary hearing, and denied his motion.

On appeal, Cale argues the district court erred in not holding an evidentiary hearing, and in denying his § 2255 motion. When reviewing the denial of a § 2255 motion, we review the district court's legal rulings de novo, and its findings of fact for clear error. United States v. Cox, 83 F.3d 336, 338 (10th Cir. 1996). "A claim of ineffective assistance of counsel presents a mixed question of law and fact which we review de novo." Brewer v. Reynolds, 51 F.3d 1519, 1523 (10th Cir. 1995), cert. denied, 116 S. Ct. 936 (1996). Finally, the district court's denial of an evidentiary hearing is reviewed for an abuse of discretion. Lasiter v. Thomas, 89 F.3d 699, 702 (10th Cir.), cert. denied, 117 S. Ct. 493 (1996).

Ineffective Assistance of Counsel

A claim of ineffective assistance of counsel requires a showing that counsel's performance was deficient and that this deficient performance prejudiced the defendant. See Strickland v. Washington, 466 U.S. 668, 687 (1984). If it is possible to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, we may do so without examining the performance prong. See id. at 697.

We agree with the district court that Cale was not prejudiced by his attorney's failure to investigate, interview, or call codefendants Whitmore, Gann, and Powell as witnesses. Cale asserts these codefendants would have testified he was not involved in the overall drug conspiracy, and was only a local buyer and seller. In affirming his conviction on direct appeal, this court noted that, in light of the overwhelming evidence against him, Whitmore's potentially exculpatory testimony in favor of other codefendants would "totally lack credibility." Powell, 982 F.2d at 1433. A review of the record demonstrates the same would be true of any exculpatory testimony from Gann or Powell. Cale's claims that counsel erred in moving for a mistrial of the first trial and in not moving for a mistrial of the second also fail to demonstrate that counsel's alleged errors were either objectively unreasonable or prejudicial.

We also conclude that Cale was not prejudiced by his counsel's failure to request a buyer-seller instruction because the instructions given by the court addressed the substance of such an instruction. The given instructions stated that evidence of a buyer-seller relationship was insufficient to support a conspiracy conviction. R. Vol. 6, at 787. See United States v. Brazel, 102 F.3d 1120, 1140 (11th Cir. 1997) (holding that district court properly refused to give defendant's requested buyer-seller instruction where the court's instructions adequately

explained that more than a buyer-seller relationship was required to constitute a conspiracy).

We agree with the district court that Cale's "barebones assertion" that counsel provided ineffective assistance of counsel by not allowing him to testify is insufficient to require an evidentiary hearing or to show that his right to testify was violated. His counsel indicated at sentencing that defendant did not testify for tactical reasons. R. Vol. 22, at 77-78. Cale does not allege that his decision not to testify was involuntary or that he was denied the opportunity to present significant new evidence; rather, he merely makes the conclusory allegation that had he testified, he would have contradicted the testimony of other witnesses. Given the standard for finding ineffective assistance of counsel, we cannot conclude that the decision not to testify rose to the level of ineffective assistance of counsel. Finally, the record belies Cale's contention that his counsel was ineffective in not requesting a downward departure. Counsel did seek downward departures with respect to the amount of Cale's involvement with the conspiracy, id. at 73-77, 131, and for acceptance of responsibility, id. at 77-79.

Incorrect Assessment of Relevant Conduct Under Sentencing Guidelines

Cale's contention that the district court erroneously "assessed the entire scope of the conspiracy" to him for sentencing purposes is essentially the same as his contention on direct appeal that he was merely a "local distributor" and should

not have been held responsible for the entire quantity of drugs distributed.  See

Powell, 982 F.2d at 1435.  "Absent an intervening change in the law of a circuit,

issues disposed of on direct appeal generally will not be considered on a collateral

attack by a motion pursuant to § 2255."  United States v. Prichard, 875 F.2d 789,

791 (10th Cir. 1989).  As we stated in our decision affirming his conviction on

direct appeal, "[t]he quantity of marijuana passing through the distribution

network was reasonably foreseeable to Mr. Cale, even if he was merely a 'local

distributor.' "  Powell, 982 F.2d at 1435.  Because this issue was previously

decided on direct appeal, the district court correctly held that this issue was

procedurally barred.

Evidentiary Hearing

Because the § 2255 motion and the existing record clearly shows that Cale

is not entitled to relief, the district court did not abuse its discretion in denying

him an evidentiary hearing.  United States v. Galloway, 56 F.3d 1239, 1240 n. 1

(10th Cir. 1995) (citing 28 U.S.C. § 2255).

The judgment of the United States District Court for the Northern District

of Oklahoma is AFFIRMED.  The mandate shall issue forthwith.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge


-6-