**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JAN 29 1998**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

KEVIN L. JOHNSON,

Defendant-Appellant.

No. 97-6111
(D.C. No. CIV-97-52-C)
(W.D. Okla.)

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

CHIQUITA VELETA OWENS,

Defendant-Appellant.

No 97-6162
(D.C. No. 96-CV-2127)
(W.D. Okla.)

---

**ORDER AND JUDGMENT**[*]

---

Before **BRORBY**, **BARRETT**, and **BRISCOE**, Circuit Judges.

---

[*]     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of these appeals. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The cases are therefore ordered submitted without oral argument.

Case No. 97-6111

Kevin Johnson was convicted of drug-related charges, and his conviction was affirmed by this court. See United States v. Owens, 70 F.3d 1118 (10th Cir. 1995). Johnson's petition filed pursuant to 28 U.S.C. § 2255 was denied by the district court, and Johnson appeals. We affirm.

On direct appeal, Johnson argued that (1) the prosecution failed to present sufficient evidence that he was a member of a conspiracy to distribute cocaine or cocaine base; (2) there was insufficient evidence that he conspired to distribute cocaine base as opposed to cocaine; (3) the attribution of 6.995 kilograms of cocaine base to him was erroneous; and (4) his sentence should not have been enhanced for obstruction of justice.

As grounds for his § 2255 motion, Johnson argues that he should have been granted an evidentiary hearing to demonstrate (1) there was no evidence that he possessed crack cocaine as opposed to cocaine powder; (2) there

was insufficient evidence that he conspired to distribute cocaine powder and (3) he received ineffective assistance of counsel when counsel failed to press the distinction between crack cocaine and cocaine powder at trial. He also contends that amendment 487 to USSG § 2D1.1 should have applied to his case and that the sentencing court did not make the required findings of foreseeability required under § 1B1.3.

On direct appeal, this court held that "at least 1.5 kilograms of cocaine base were attributable to [Johnson]." Id. at 1131. It is clear from reading that opinion that the court used the term "cocaine base" to mean crack cocaine because the panel carefully distinguished the amount of cocaine base possessed by Johnson from the amount of cocaine powder attributable to him. See id. [1] This court stated "our review of the record shows there was ample evidence from which a reasonable jury could conclude the actions of Nick Owens, Kevin Johnson, and the other three coconspirators tried with them were all part of a single, unified conspiracy to distribute cocaine in the Musgrave Addition area of Oklahoma City." Id. at 1126-27.[2] We will not revisit this conclusion. See United States v.

---

[1] Further, by the time the opinion in Johnson's direct appeal was issued, the Sentencing Guidelines had been amended to make it clear that the term "cocaine base" means crack cocaine. See U.S. Sentencing Guidelines Manual Amendment 487 to § 2D1.1, effective November 1, 1993.

[2] As a subset of this argument, Johnson argues that the court failed to apply Amendment 487 to § 2D1.1 of the Sentencing Guidelines to his case. The court

(continued...)

Galloway, 56 F.3d 1239, 1243 (10th Cir. 1995) (observing that reasons advanced on direct appeal in support of an ineffective assistance of counsel claim cannot be reurged in a § 2255 motion because of the doctrine of issue preclusion).

Johnson further argues that there was insufficient evidence to convict him of conspiracy to distribute cocaine powder.[3] Johnson, however, was convicted of one count of conspiracy to distribute cocaine powder and/or cocaine base. Our review of the sentencing hearing makes it clear that Johnson was sentenced based on the amount of cocaine base attributable to him and not because of any evidence regarding his involvement with cocaine powder. See R. "Reporter's Transcript of Proceedings, Tuesday, November 1, 1994" (Sentencing of Kevin Johnson) at 2, 5 (court ascribed 6.995 kilos to Johnson, and later specified that the cocaine was cocaine base). Johnson's argument regarding evidence of his involvement with cocaine powder, therefore, is irrelevant.

Johnson next contends that he received ineffective assistance of trial counsel because of counsel's failure to press the distinction between cocaine base and cocaine powder. Because this court has already concluded that the evidence

---

[2](...continued)
clearly applied this amendment and correctly distinguished between cocaine base ("crack") and other forms of cocaine. The fact that the court concluded that Johnson distributed cocaine base does not mean that the Amendment was not applied.

[3]     We will accord Johnson the benefit of the doubt and conclude that this issue was raised on direct appeal, however obliquely.

supported Johnson's conviction for conspiracy to distribute cocaine base, it was not ineffective for counsel to fail to press this meritless point. See United States v. Lopez, 100 F.3d 113, 119 (10th Cir. 1996).

Finally, Johnson argues that the court failed to apply § 1B1.3 of the Sentencing Guidelines to his case. Because Johnson failed to raise this argument on direct appeal, and because he has not demonstrated cause for this default and prejudice from the error he asserts, we will not review this claim in this § 2255 action. See United States v. Holland, 116 F.3d 1353, 1356 (10th Cir. 1997). Because the existing record clearly shows that Johnson is not entitled to relief, the district court did not abuse its discretion in denying him an evidentiary hearing. See Lopez, 100 F.3d at 119.

We grant Johnson's motion for leave to proceed without prepayment of costs or fees and dismiss the appeal for lack of a substantial showing of the denial of a constitutional right required by 28 U.S.C. § 2253(c)(2), as amended by the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1217 (April 24, 1996).

### Case No. 97-6162

The same jury that convicted Kevin Johnson of conspiracy to distribute cocaine powder and/or cocaine base also convicted Chiquita Owens of the same charge. This court affirmed Owens' conviction in an unpublished opinion. See

United States v. Gaines, Nos. 94-6408 & 94-6410, 1995 WL 678504 (10th Cir. Nov. 15, 1995).

In her § 2255 petition, Owens argues that (1) her counsel was ineffective; (2) the district court erred in calculating the base offense level when it failed to consider whether the conversion of powder cocaine into crack was foreseeable by Owens (applying § 1B1.3 of the Sentencing Guidelines); and (3) "whether the district court had the authority to depart under their own discretion for the defendant because of mitigating circumstances," Br. of petitioner at 17.

The district court noted that Owens failed to raise the last two issues on direct appeal. In order to circumvent this problem, however, Owens argues that it was ineffective for her appellate counsel to omit these arguments on appeal. Because the district court found the last two arguments to be without merit, it also found there was no ineffective assistance and denied the petition. We affirm.

As part of her ineffectiveness claim, Owens argues that she only agreed to transport powder cocaine and that both trial and appellate attorneys failed to press this distinction to the respective courts. Further, argues Owens, it was not foreseeable that the powder she transported would be "rocked up" into crack.

In the direct appeal of another of the coconspirators involved in this distribution scheme, this court, after reviewing the entire record, stated that "Chiquita Owens occasionally distributed 2.5 kilogram doses of crack cocaine,

supplied by Timothy Johnson and helped Chris Scott reach Timothy Johnson to buy drugs when Timothy Johnson did not respond to his pager." United States v. Owens, 70 F.3d 1118, 1123 (10th Cir. 1995). Similarly, in response to Owens' § 2255 petition, the district court stated "[t]he evidence was that the powder cocaine was actually cooked at this defendant's residence and she had knowledge of the conversion to crack cocaine and its subsequent distribution." United States v. Owens, No. CIV-96-2127-C, Order at 2 (W.D. Okla, Apr. 29, 1997).

We have reviewed the transcript of the trial in this matter and find no merit to Owens' contention that she was only involved with powder cocaine or that she could not have reasonably foreseen that the powder she transported would be converted into crack cocaine. The district court also correctly disposed of Owens' claim for relief based on the failure to depart downward from the sentencing guidelines. We therefore affirm the order of the district court for substantially the reasons stated therein.

This appeal is dismissed for lack of a substantial showing of the denial of a constitutional right required by 28 U.S.C. § 2253(c)(2), as amended by the

Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110

Stat. 1214 (April 24, 1996). The mandates in both cases shall issue forthwith.


                                        Entered for the Court



                                        James E. Barrett
                                        Senior Circuit Judge