**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**SEP 5 2002**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

LEE ROY WASHINGTON,

    Defendant-Appellant.

No. 01-6369
(D.C. Nos. CIV-97-997-R
& 93-CR-175-R)
(W.D. Okla.)

---

**ORDER AND JUDGMENT** [*]

---

Before **HENRY** , **ANDERSON** , and **HARTZ** , Circuit Judges.

---

After examining the brief and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Petitioner Lee Roy Washington renews his application for a certificate of appealability ("COA") that would permit him to appeal from the district court's order denying relief on his habeas petition brought pursuant to 28 U.S.C. § 2255. *See* 28 U.S.C. § 2253(c)(1)(B). We have jurisdiction under 28 U.S.C. §§ 1291 and 2253(a). Because Mr. Washington has failed to make a "substantial showing of the denial of a constitutional right" as required by 28 U.S.C. § 2253(c)(2), we deny his application for COA and dismiss the appeal.

## I. Facts and proceedings

In 1994 Mr. Washington pleaded guilty to one count of conspiring to possess with intent to distribute cocaine in violation of 21 U.S.C. § 846 in exchange for the government dropping an additional charge of possession of cocaine with intent to distribute. The plea agreement stated that approximately 550 grams to 1.5 kilograms of cocaine base ("crack") were attributable to Mr. Washington for sentencing purposes, and Mr. Washington admitted at the plea hearing that he sold crack for others. R. Doc. 773 at 11 (Sept. 19, 2001 Order) (hereinafter "Order"). The court accepted the guilty plea and sentenced Mr. Washington to 262 months' imprisonment. We affirmed his conviction on appeal. *United States v. Washington*, No. 94-6104, 1995 WL 50051 (10th Cir. Feb. 8, 1995) (unpublished).

In 1997, Mr. Washington filed a § 2255 motion, asserting four grounds for relief. The district court held that all claims, except those alleging ineffective assistance of counsel, were procedurally barred for failure to raise them on direct appeal, and that Mr. Washington had neither shown cause and actual prejudice to excuse that failure nor that there would be a fundamental miscarriage of justice absent review. Order at 4. The court carefully analyzed Mr. Washington's ineffective-assistance-of-counsel claims on the merits, and rejected them using the standards enunciated in *Strickland v. Washington*, 466 U.S. 668 (1984). The court later denied his application for a COA.

## II. Discussion

Mr. Washington may make a "substantial showing of the denial of a constitutional right" by demonstrating that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong or that the question presented deserves further proceedings. *See Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). "[W]e review the district court's legal rulings on a § 2255 motion de novo and its findings of fact for clear error." *United States v. Pearce*, 146 F.3d 771, 774 (10th Cir. 1998).

Mr. Washington raises three issues in his application for COA: (1) he was denied effective assistance of counsel, which he could have proved if the court had granted an evidentiary hearing; (2) his guilty plea was neither knowing nor

voluntary, and he was entitled to an evidentiary hearing on this issue; and (3) he was subjected to an illegal sentence under *Apprendi v. New Jersey*, 530 U.S. 466 (2000). We have carefully reviewed the record submitted for review, Mr. Washington's brief, and the applicable law, and, for substantially the same reasons stated by the district court, we determine that Mr. Washington has failed to demonstrate that the district court's rulings were debatable or wrong or that the questions presented deserve further proceedings. In concluding that his application for a COA should be denied, we also separately address three issues.

**A. Denial of motion for evidentiary hearing on ineffective-assistance-of-counsel and voluntariness-of-plea claims**

In his application for COA, Mr. Washington claims that trial counsel's assistance was ineffective in four respects: he failed to attempt to withdraw the guilty plea; he failed to inform Mr. Washington of the consequences of his plea; he failed to challenge the computation of drug amounts attributable to Mr. Washington; and he failed to make enough or different objections to the presentencing report. Mr. Washington further asserts that his plea was not knowingly and voluntarily entered because he did not understand he was subject to a mandatory minimum penalty of ten years. He argues that, through an evidentiary hearing, he could have established both claims by showing the following: (1) he relied on his counsel's advice to plead guilty because counsel lead him to believe he would be punished more severely if he went to trial and

-4-

was convicted; (2) he could not recall reading the indictment or presentence report or reviewing discovery materials or the presentence report with counsel, did not understand the charge to which he was entering a plea of guilty, and could not recall the court reading the indictment in open court; (3) counsel told him that he would be sentenced to no more than five years' imprisonment if he pleaded guilty, and did not provide him with an estimate of his guideline range of punishment; (4) he desired to withdraw his guilty plea on his subjective belief that, because he had failed to honor his agreement to testify truthfully for the government, the plea agreement was "void," but counsel refused to file a motion to withdraw the plea; (5) he did not understand that "ten years to life" meant that he was facing a mandatory minimum sentence of ten years, he did not recall the district court advising him that it lacked authority to sentence him for less than ten years, and he was unaware of the actual sentencing consequences; and (6) if he had been properly advised of the mandatory sentence and that a reasonably accurate estimate of the guidelines would have placed his punishment far in excess of ten years, he would not have pleaded guilty.

In habeas proceedings, a district court should conduct an evidentiary hearing "[u]nless the motion and files and records of the case conclusively show that the prisoner is entitled to no relief." *United States v. Lopez*, 100 F.3d 113, 119 (10th Cir. 1996) (quotation and citation omitted). Here, the district court

-5-

denied the request for evidentiary hearing, concluding that most of Mr. Washington's assertions were "wholly incredible" based on the written and signed plea agreement, the petition to enter a guilty plea, and the transcript of the plea colloquy belying his assertions. Order at 9. "Solemn declarations in open court carry a strong presumption of verity. The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible." *Blackledge v. Allison*, 431 U.S. 63, 74 (1977).

Mr. Washington claims that, because the government did not assert that the handwriting on the written plea agreement was Mr. Washington's and the transcript shows only that Mr. Washington affirmatively responded to the court's inquiries, an evidentiary hearing should have been held. We disagree. If the handwriting was not Mr. Washington's, he should have made that claim in district court instead of remaining silent. Indeed, he does not, even now, claim that it is not his handwriting. The district court found that Mr. Washington was clearly informed of the mandatory minimum, as demonstrated by his statements in his Petition to Enter Plea of Guilty. *See* Order at 8. The district court further noted that the government verbally stated the charge, as well as the mandatory minimum and maximum sentences to which Mr. Washington was subject, at the plea hearing. *Id.* at 10 n.3. The district court found that the record establishes that

-6-

Mr. Washington stated he knew and understood the charges against him and the basic consequences of his plea, and Mr. Washington submitted no documents to this court to refute that finding, nor did he submit the plea documents or transcript to this court for review. Thus, as the district court noted, even if counsel failed to separately inform Mr. Washington of the mandatory minimum, it was not prejudicial. *See id.* at 10.

Because of this complete failure of credibility in light of the record as summarized by the district court, Mr. Washington also could not establish through his proposed testimony that his plea was not knowing and voluntary, and the district court properly applied a procedural bar to that claim. *See Bousley v. United States*, 523 U.S. 614, 622 (1998) (procedural bar precludes consideration of voluntariness of guilty plea on collateral review if not raised on direct appeal absent showing of cause and actual prejudice or actual innocence). The district court did not abuse its discretion by denying an evidentiary hearing. *See Lopez*, 100 F.3d at 119.

**B. Ineffective assistance of appellate counsel**

Mr. Washington argues that the district court erred in requiring him to establish that appellate counsel failed to raise a "dead-bang winner" in order to establish objectively unreasonable appellate performance. We rejected the "dead-bang winner" language as a standard for ineffective-assistance-of-counsel claims

in *Neill v. Gibson*, 278 F.3d 1044, 1057 n.5 (10th Cir. 2001), *petition for cert. filed* (U.S. May 06, 2002) (No. 01-10121). We note, however, that the district court determined that none of the claims raised by Mr. Washington had *any* merit, thus Mr. Washington failed to show "a reasonable probability that the omitted claim would have resulted in a reversal on appeal." *Id.* The court actually applied the proper standard in rejecting Mr. Washington's ineffective-assistance-of-appellate-counsel claim notwithstanding the use of the "dead-bang winner" language.

## C. Application of *Apprendi*

Mr. Washington contends that his indictment was constitutionally defective because it did not allege an amount of crack associated with the charged conspiracy [1] and therefore violated the Supreme Court's ruling in *Apprendi*. That argument is foreclosed by our recent decision holding that *Apprendi* does not apply retroactively to initial § 2255 motions. *United States v. Mora*, 293 F.3d 1213, 1219 (10th Cir. 2002).

---

[1] Contrary to Mr. Washington's claim, the district court noted that the indictment alleged that the co-conspirators collectively distributed a total of almost 800 grams of crack. Order at 21. Mr. Washington did not provide the indictment for our review.

We deny a COA and DISMISS the appeal.

Entered for the Court


Stephen H. Anderson
Circuit Judge