**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**OCT 22 2003**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

HOLLIS EARL ROBERTS,

Defendant-Appellant.

No. 02-7048
(Eastern District of Oklahoma)
(D.C. Nos. 01-CV-273-S and
95-CR-35-S)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **ANDERSON**, and **MURPHY**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is

therefore ordered submitted without oral argument.

Following a jury trial, Hollis Roberts was convicted of two counts of

abusive sexual contact in violation of 18 U.S.C. § 2244 and one count of

---

[*]This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

aggravated sexual abuse in violation of 18 U.S.C. § 2241(a)(1).[1]  The district

court sentenced Roberts to a thirty-six-month term of incarceration on each of the

§ 2244 convictions and a 135-month term of incarceration on the § 2241(a)(1)

conviction.  It ordered that all three sentences run concurrently.  This court

affirmed the convictions and sentences on direct appeal.  *See United States v.*

*Roberts*, 185 F.3d 1125 (10th Cir. 1999).  Roberts then filed the instant 28 U.S.C.

§ 2255 motion to vacate, correct, or set aside his conviction raising the following

three claims: (1) trial counsel rendered ineffective assistance; (2) his sentence for

aggravated sexual abuse violated *Apprendi v. New Jersey*, 530 U.S. 466 (2000);

and (3) the district court lacked jurisdiction over the underlying criminal trial

because the crime was not committed in Indian country.  The district court denied

Roberts' § 2255 motion and denied his request for a certificate of appealability

("COA").  In an order filed on February 6, 2003, this court denied Roberts a COA

as to his *Apprendi* and jurisdictional claims,[2] granted Roberts a COA as to his

---

[1]Roberts was acquitted of one additional count of aggravated sexual abuse, two additional counts of abusive sexual contact, and one count of sexual abuse in violation of 18 U.S.C. § 2242.  Furthermore, prior to trial, the district court dismissed an additional count of abusive sexual contact pursuant to the prosecution's Fed. R. Crim. P. 48(a) motion.

[2]In so doing, this court noted that Roberts had not made the requisite showing for obtaining a COA as to these two claims for the following reasons: (1) *Apprendi* is not retroactively applicable to initial habeas petitions, *United States v. Mora*, 293 F.3d 1213 (10th Cir. 2002); and (2) because Roberts' assertions regarding the district court's jurisdiction were raised and decided on direct appeal, they cannot be raised in a § 2255 motion, *United States v. Prichard*,

claims of ineffective assistance of trial counsel,[3] and ordered the respondent to file a brief addressing Roberts' ineffective assistance claims.  Upon consideration of the parties' briefs and contentions on appeal, this court exercises jurisdiction pursuant to 28 U.S.C. § 2253 and **affirms**.

The facts underlying Roberts' convictions on charges of abusive sexual contact and aggravated sexual abuse are set out in this court's opinion resolving Roberts' direct appeal, *see Roberts*, 185 F.3d at 1128-29, and will not be repeated here.  In the instant habeas petition, Roberts asserts that his trial counsel was constitutionally ineffective in the following five particulars: (1) counsel failed to adequately cross-examine Angela Gilbert; (2) counsel failed to object to government vouching; (3) counsel failed to object to government bolstering; (4) counsel advised him not to testify; and (5) counsel failed to call him as a witness at the jurisdictional hearing.

"The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result."  *Strickland v. Washington*, 466 U.S. 668, 686 (1984).  To demonstrate that his counsel's

---

875 F.2d 789 (10th Cir. 1989).

[3]*See* 28 U.S.C. § 2253(c)(3) (providing that a COA must delineate the specific issues as to which the movant has made a substantial showing of the denial of a constitutional right).

performance was so defective as to require reversal of his convictions, Roberts must make the following two showings: (1) counsel's performance was deficient (i.e., "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment"); and (2) counsel's deficient performance prejudiced his defense (i.e., "counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable"). *Id.* at 687.

To demonstrate that counsel's performance was deficient, Roberts "must show that counsel's representation fell below an objective standard of reasonableness." *Id.* at 688. Our review of counsel's performance is "highly deferential" and this court "indulge[s] a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. Because it is "all too tempting for a defendant to second-guess counsel's assistance after conviction," this court must make every effort "to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Id.* Even if Roberts satisfies *Strickland*'s performance prong, he is not entitled to relief unless he can also demonstrate that counsel's unreasonable performance "actually had an adverse effect on the defense." *Id.* at 693. Roberts must "show that there is a reasonable probability that, but for counsel's

unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694. Accordingly, this court looks to whether "despite the strong presumption of reliability, the result of the particular proceeding is unreliable because of a breakdown in the adversarial process that our system counts on to produce just results." *Id.* at 696. It is unnecessary to examine both *Strickland*'s performance and prejudice prongs if a defendant makes an insufficient showing on one of the prongs. *Id.* at 697.

With this background in mind, this court can easily resolve two of Roberts' claims by reference to this court's opinion on direct appeal. Roberts asserts that trial counsel unreasonably failed to object to various statements made by the prosecution during opening and closing arguments. On direct appeal, this court specifically rejected Robert's assertion that he was prejudiced by the statements: "Given the context of the statements, curative instructions, and abundance of testimonial evidence on which the jury could have based its verdict, we do not believe that prosecutor's comments merit reversal of Mr. Roberts' conviction; at most, the comments were harmless error." *Roberts*, 185 F.3d at 1144. Accordingly, notwithstanding the arguments in Roberts' reply brief before this court relating to trial counsel's performance, it is clear that Roberts cannot

demonstrate he was prejudiced by counsel's failure to object to the prosecutor's remarks.

Similarly, Roberts' assertion that his trial counsel was ineffective for failing to call him as an expert witness at the jurisdictional hearing fails in light of this court's conclusion on direct appeal that the Choctaw Nation Tribal Complex "is Indian Country for purposes of the Major Crimes Act, and no procedural or administrative defect nullifies this status." *Id.* at 1137. Other than the conclusory and empty assertion that he "had reason to know that there were fatal errors in the method by which the Choctaw Nation's headquarters in Durant had been acquired and placed in trust," an assertion that is clearly belied by the extensive analysis of the issue in this court's opinion on direct appeal, Roberts does not offer anything demonstrating that his counsel's "failure" to call him at the jurisdictional hearing was constitutionally deficient representation.

Roberts' three remaining claims of ineffective assistance of counsel all revolve around counsel's actions with regard to Angela Gilbert. Roberts was convicted of one count of aggravated sexual abuse of Gilbert and one count of abusive sexual contact of Gilbert. Roberts asserts that counsel rendered ineffective assistance by failing to cross-examine Gilbert about the events giving rise to the charges. Upon review of the record and Roberts' contentions on appeal, this court concludes that Roberts has failed to demonstrate either that his

-6-

counsel's performance was constitutionally ineffective or that he suffered prejudice as a result of counsel's decision not to cross-examine Gilbert regarding the incidents giving rise to the charges. The defense's theory of the case was that the prosecution had been deceived by a number of disaffected employees of the Choctaw Nation of Oklahoma, including Gilbert, who were being used as pawns by Roberts' political rivals within the Nation. Counsel's extensive cross-examination of Gilbert was entirely consistent with this theory of the defense. There is an obvious strategic purpose in focusing the cross-examination on these particular matters: an exclusive focus on Gilbert's connections with Roberts' political rivals serves to blunt Gilbert's rather graphic allegations of sexual abuse. Roberts' bare assertion that his counsel was ineffective for failing to cross-examine Gilbert about the incidents giving rise to the charges is insufficient to overcome the "strong presumption" that counsel provided constitutionally effective assistance. *Strickland*, 466 U.S. at 689; *see also United States v. Snyder*, 787 F.2d 1429, 1432 (10th Cir. 1986) ("Counsel's selection of questions is a matter of 'strategic choice,' as to which he has broad latitude.").

Nor has Roberts come forward with sufficient allegations regarding prejudice to overcome the "strong presumption of reliability" that attaches to his criminal proceedings. *Strickland*, 466 U.S. at 696. There is no indication in either Roberts' § 2255 motion or his briefs on appeal that cross-examining Gilbert

about the incidents giving rise to the charges would have adduced any testimony favorable to Roberts. Absent some indication that Gilbert would have done anything other than simply repeat her allegations on cross-examination, thereby further highlighting for the jury the graphic details of the alleged sexual abuse, we fail to see how Roberts was prejudiced by his counsel's decision to cross-examine Gilbert in a manner consistent with the defense's theory of the case.

These same considerations lead this court to conclude Roberts has failed to demonstrate that his trial counsel was ineffective for advising him not to testify about the incidents giving rise to Gilbert's allegations and for not objecting to Gilbert writing out, instead of verbalizing, three graphic phrases Roberts allegedly said to Gilbert. Both of those decisions are fully consistent with counsel's strategy to focus on a theory of the case emphasizing that the prosecution had been deceived by Gilbert, who was being used as a pawn by Roberts' political rivals within the Choctaw Nation. Each of these challenged decisions is clearly tied to counsel's strategy to try to keep the jury from focusing on the graphic allegations of sexual abuse advanced by Gilbert and focus instead on her asserted ulterior motives. For this reason, Roberts' *ipse dixit* assertion that the only reasonable strategy was to challenge *both* the political motivations *and* the factual accuracy of the Gilbert's allegations is at odds with the record in this case.

At their base, Roberts' arguments on appeal seem to assert that because he was convicted of these crimes, his counsel must have been ineffective. *Strickland* mandates, however, that this court be "highly deferential" in its review of counsel's performance and "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." 466 U.S. at 689. Because it is "all too tempting for a defendant to second-guess counsel's assistance after conviction," this court must make every effort "to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Id.* Although, in hindsight, counsel's strategy was not completely successful, the strategy was certainly reasonable when viewed from counsel's perspective at the time of trial. Because the record before this court and Roberts' § 2255 motion conclusively demonstrate that he is not entitled to relief, Roberts is not entitled to an evidentiary hearing before the district court. *United States v. Lopez*, 100 F.3d 113, 119 (10th Cir. 1996).

Upon review of the parties' briefs and submissions, the order of the district court denying Roberts' § 2255 motion is **AFFIRMED** for those reasons set out above.

ENTERED FOR THE COURT


Michael R. Murphy
Circuit Judge