FILED
United States Court of Appeals
Tenth Circuit

May 30, 2019

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

MAURICE ELON EDWARDS,

    Defendant - Appellant.

No. 19-7003
(D.C. Nos. 6:16-CV-00433-RAW and
6:13-CR-00010-RAW-2)
(E.D. Okla.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **BRISCOE**, **McHUGH**, and **MORITZ**, Circuit Judges.
_____

Proceeding pro se,[1] Maurice Edwards seeks a certificate of appealability

(COA) so he can appeal the district court's order denying his 28 U.S.C. § 2255

motion. *See* 28 U.S.C. § 2253(c)(1)(B). For the reasons discussed below, we deny

Edwards's COA request and dismiss this matter.

**Background**

After a federal jury found Edwards guilty of possessing a controlled substance

with intent to distribute, the trial court imposed a 262-month prison sentence. *See*

_____

[*] This order isn't binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. But it may be cited for its persuasive value. *See* Fed. R. App. P. 32.1; 10th Cir. R. 32.1.

[1] Because Edwards proceeds pro se, we liberally construe his filings. *See* *Eldridge v. Berkebile*, 791 F.3d 1239, 1243 n.4 (10th Cir. 2015). But we won't act as his advocate. *See id.*

*United States v. Edwards*, 782 F.3d 554, 556 (10th Cir. 2015). Edwards appealed, arguing that (1) the trial court erred in admitting an anonymous 911 call; (2) the evidence at trial and the jury instructions constructively amended the indictment; and (3) the trial court erroneously omitted an essential element from one of the jury instructions. *See id.* at 556–57. We rejected these arguments and affirmed. *See id.* at 565.

Edwards then filed a § 2255 motion in federal district court, asserting that trial counsel provided him with ineffective assistance of counsel (IAC) at both trial and sentencing. Specifically, Edwards argued that counsel was ineffective in failing to timely object to the 911 call and in failing to identify certain errors in the Presentence Investigation Report (PSR).

The district court disagreed, reasoning that even assuming Edwards could show counsel's performance was deficient, Edwards nevertheless failed to establish that counsel's deficient performance prejudiced him. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984) (explaining that to succeed on IAC claim, petitioner "must show that counsel's performance was deficient" and "that the deficient performance prejudiced the defense"). Thus, the district court denied Edwards's § 2255 motion. It also declined to issue a COA.

## Analysis

Edwards now asks us for a COA so he can appeal the district court's order. *See* § 2253(c)(1)(B). Because the district court rejected Edwards's IAC claims on their merits, we will grant Edwards's request only if he "demonstrate[s] that reasonable

jurists would find the district court's assessment of [his] constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

In attempting to make this showing here, Edwards first argues that but for counsel's deficient performance, the trial court would have suppressed the anonymous 911 call. But even assuming Edwards is correct, this wouldn't necessarily impugn the district court's conclusion that Edwards failed to satisfy *Strickland*'s prejudice prong with regard to his first three IAC claims—all of which arise from the trial court's allegedly erroneous decision to admit the 911 call. To establish prejudice for purposes of those claims, it's not enough for Edwards to show that but for counsel's deficient performance, the trial court would have suppressed the call. Instead, Edwards must show that but for the trial court's decision to admit that call, there exists a reasonable probability the jury would have reached a different verdict. *See Strickland*, 466 U.S. at 694 (explaining that to establish prejudice, petitioner must demonstrate "there is a reasonable probability that, but for counsel's unprofessional errors, *the result of the proceeding* would have been different" (emphasis added)).

Edwards cannot make this showing here. Indeed, as the district court pointed out, this court has already determined that "any error" in the trial court's decision to admit the 911 call "was harmless beyond a reasonable doubt." *Edwards*, 782 F.3d at 561. In other words, this court has already held that there exists no reasonable probability the jury would have reached a different verdict but for the trial court's decision to admit the call. *See id.*; *cf. United States v. Woodard*, 699 F.3d 1188,

1198–99 (10th Cir. 2012) (describing harmless-error test). And that means Edwards can't show trial counsel's failure to timely object to this evidence prejudiced him. *See United States v. Roberts*, 79 F. App'x 368, 371 (10th Cir. 2003) (unpublished) (holding that petitioner couldn't demonstrate counsel's failure to object to certain remarks satisfied *Strickland*'s prejudice prong where, "[o]n direct appeal, this court specifically rejected [petitioner's] assertion that he was prejudiced by the statements"). Thus, Edwards isn't entitled to a COA on his first three IAC claims. *See Slack*, 529 U.S. at 484.

Nor is he entitled to a COA on his fourth and final IAC claim, which alleges that but for counsel's allegedly deficient performance, Edwards would have received a shorter prison sentence.[2] In rejecting this claim, the district court reasoned that even assuming counsel's performance was deficient, (1) Edwards failed to identify any errors in the PSR that affected his sentence and (2) the trial court properly sentenced Edwards as a career offender. *See* U.S.S.G. § 4B1.1. Notably, Edwards fails to acknowledge or address either of these rulings in his COA request. Accordingly, he necessarily fails to show that reasonable jurists would find these rulings (or the

_____

[2] To the extent Edwards attempts to raise several new IAC claims for the first time on appeal, we decline to consider them. *See United States v. Viera*, 674 F.3d 1214, 1220 (10th Cir. 2012) (citing this court's "general rule against considering issues for the first time on appeal" and declining to address arguments for COA that petitioner didn't "present[] to the district court"). We likewise decline to consider Edwards's cumulative-error argument. Although he asserted below that "[t]he cumulative effect of" trial counsel's errors "caused [him] significant harm," he fails to adequately brief this argument in his COA request. R. vol. 6, 13; *see also Eizember v. Trammell*, 803 F.3d 1129, 1141 (10th Cir. 2015).

district court's ultimate resolution of this claim) debatable or wrong. *See Slack*, 529 U.S. at 484.

## Conclusion

For the reasons discussed above, we deny Edwards's COA request and dismiss this appeal. As a final matter, because Edwards fails to demonstrate "the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised," we also deny his motion to proceed in forma pauperis. *Lister v. Dep't of Treasury*, 408 F.3d 1309, 1312 (10th Cir. 2005).

Entered for the Court


Nancy L. Moritz
Circuit Judge