ORDER AND JUDGMENT**
STEWART, District Judge.
I. INTRODUCTION
Petitioner Sharon Carr appeals the district court’s denial of her Petition for a Writ of Habeas Corpus, filed pursuant to 28 U.S.C. § 2254. We granted a Certificate of Appealability on two grounds, namely (1) whether alleged error in the introduction of hearsay violated the Confrontation Clause of the Sixth Amendment, and (2) whether alleged ineffective assistance of counsel violated Petitioner’s Sixth and Fourteenth Amendment rights. We now affirm the district court’s decision.
II. PROCEDURAL HISTORY
On September 27, 1996, Petitioner was convicted by a jury in the district court of Sedgwick County, Kansas, of first-degree felony murder in the death of her adopted three-year-old daughter, Shayleen. Petitioner was sentenced to life in prison and subsequently sought, but was denied, appeal at several levels. First, Petitioner sought rehearing with the state trial court, which was denied on July 10, 1998. Second, Petitioner filed a direct appeal to the Kansas Supreme Court where her conviction was affirmed on July 10, 1998. Third, Petitioner sought post-conviction relief with the state trial court, which denied her petition on November 17, 2000. The trial court further denied Petitioner’s Request for Rehearing. Fourth, Petitioner sought appellate review of the denial of her petition for post-conviction relief with the Court of Appeals for the State of Kansas, which affirmed the state trial court’s denial on February 23, 2001. Motion for Rehearing was denied, as well as subsequent re *774 view by the Kansas Supreme Court. Fifth, Petitioner filed a Writ of Habeas Corpus under 28 U.S.C. § 2254 with the United States District Court for the District of Kansas, which denied the petition on October 15, 2008. We granted appeal.
III. BACKGROUND
The predicate felony underlying Petitioner’s conviction is based on an incident of child abuse. The incident occurred on September 7, 1995, when Shayleen was hospitalized for various serious injuries. Shayleen died from the injuries four days after admission to the hospital. Petitioner’s four-year-old son, Jared Carr, was present in the home at the time Shayleen was injured and was able to observe Petitioner and Shayleen.
On the second day of trial, the trial court held a hearing outside the presence of the jury to determine whether or not Jared was competent to testify before the jury. Jared was questioned in the courtroom by the attorneys and the judge, and the trial court heard arguments of counsel. The trial court then ruled that Jared was not qualified to testify because he was unable to comprehend the concept of taking an oath, and was “incapable of expressing himself on the matter so as to be understood” by the judge and the jury. The trial judge noted that many of Jared’s answers were “nonresponsive.” However, the judge emphasized he had not found that Jared was untruthful or that Jared didn’t know the difference between a truth and a lie. The finding was that Jared was incompetent to testify, which rendered him “unavailable as a witness.”
In light of this finding by the trial judge, the State requested that two other witnesses — social worker Adella Ozor, and Jenny McCracken, a registered nurse at the pediatric intensive care unit at the hospital — be allowed to testify as to statements Jared made outside the courtroom. These statements implicated Petitioner as the cause of Shayleen’s injuries. The statements were allowed by the trial court — after Confrontation Clause analysis — under the excited utterance and recent perception hearsay exceptions.[1] Defendant’s counsel did not object contemporaneously to the introduction of this evidence.
The trial judge found that he had “no difficulty” finding that Jared was “unavailable,” as defined in Kan. Stat. Ann. § 60-459(g), that his statements were made at a time when the matter had been recently perceived by him and his recollection was clear, and that the statements were made in good faith prior to the commencement of the action and with no incentive to falsify or distort. The trial court went on to say that its determination did not end with this statutory analysis, but also required a constitutional analysis because the unavailable witness rule was “not considered a firmly-rooted exception to the hearsay rule,” and allowing hearsay would deny Petitioner her right to confrontation under the Kansas and United States constitutions. The trial court engaged in an analysis of the factors contained in Idaho v. Wright, 497 U.S. 805, 110 S.Ct. 3139, 111 L.Ed.2d 638 (1990), and concluded that the testimony was admissible. The testimony was allowed at trial, and a conviction was ultimately obtained.
As part of its affirmation of the trial court’s ruling, the Kansas Supreme Court held that under the doctrine of procedural default, this failure by Petitioner’s trial counsel to object contemporaneously foreclosed any subsequent claim that the court *775 improperly allowed hearsay evidence at trial.
Petitioner sought several issues on appeal, but only two were granted review by this Court: (1) whether admission of Petitioner’s unavailable minor child’s hearsay statements violated the Confrontation Clause of the Sixth Amendment, and (2) whether Petitioner’s trial counsel was ineffective through failing to object to hearsay to such a degree that Petitioner’s Sixth and Fourteenth Amendment rights were violated.
IV. STANDARD OF REVIEW
The district court’s denial of Carr’s petition for habeas relief is reviewed de novo with respect to legal conclusions and under a clear error standard for factual findings. Rogers v. Gibson, 173 F.3d 1278, 1282 (10th Cir.1999).
On review of habeas corpus determinations, the ruling below must be left undisturbed unless an independent review of the record and pertinent federal law leads to the conclusion that the ruling “contravenes or unreasonably applies clearly established federal law, or is based on an unreasonable determination of the facts in light of the evidence presented.” Aycox v. Lytle, 196 F.3d 1174, 1178 (10th Cir.1999). Even if the federal habeas court concludes in its independent review that the state court decision applied clearly established federal law incorrectly, relief is appropriate only if the application is also objectively unreasonable. Williams v. Taylor, 529 U.S. 362, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000). The court is not to re-weigh the evidence or substitute its judgment for the judgment of the court below, and is bound by a state court’s interpretation of its own law. Estelle v. McGuire, 502 U.S. 62, 67-68, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991). We proceed under this standard of review.
V. DISCUSSION
A. The Procedural Default Doctrine
The procedural default doctrine precludes federal habeas review of a federal claim that a state court has declined to consider due to the Petitioner’s noncompliance with state procedural rules unless Petitioner can show: (1) both cause and prejudice, and (2) manifest injustice. Coleman v. Thompson, 501 U.S. 722, 750, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991).
Further, in order for the bar to preclude consideration of a federal claim on habeas review, the state procedural rule must be: (1) independent, and (2) adequate. The rule is independent if the last state court that rendered a judgment in the case clearly and expressly stated that its decision rested upon a procedural bar. Church v. Sullivan, 942 F.2d 1501, 1506 (10th Cir.1991) (relying upon Harris v. Reed, 489 U.S. 255, 109 S.Ct. 1038, 103 L.Ed.2d 308 (1989)). The rale is adequate if it is “strictly or regularly followed.” Johnson v. Mississippi, 486 U.S. 578, 587, 108 S.Ct. 1981, 100 L.Ed.2d 575 (1988). This rule has been routinely followed in Kansas state courts. See Kan. Stat. Ann. § 60-404. Here, the Kansas Supreme Court expressly declined to consider the merits of this issue due to counsel’s failure to contemporaneously object. Therefore, it is clear that the rule is both independent and adequate in this case.
Petitioner concedes that because the Kansas Supreme Court held that Petitioner procedurally defaulted her claim regarding Jared’s hearsay statements, the Petitioner faces procedural default in this forum, unless she is able to show cause excusing the default, as set forth in Coleman.
Petitioner argues that her trial counsel’s failure to contemporaneously object amounts to ineffective assistance of coun *776 sel and that ineffective assistance satisfies the Coleman test above. “Ineffective assistance of counsel ... is cause for [reviewing] a procedural default” of a state court procedure in federal habeas proceedings. Murray v. Carrier, 477 U.S. 478, 488, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986). Therefore, if the court finds that ineffective assistance of counsel occurred, the procedural bar is lifted, and the court may reach the merits regarding the admission of Jared’s hearsay statements. However, counsel error that does not rise to the degree of ineffective assistance of counsel, may not amount to cause to relieve a procedural default. “[T]he mere fact that counsel failed to recognize the factual or legal basis for a claim, or failed to raise the claim despite recognizing it, does not constitute cause for a [review of] procedural default.” Id. at 486, 106 S.Ct. 2639.
Aside from Petitioner’s claim of ineffective assistance of her trial counsel, Plaintiff has not raised grounds establishing that the Coleman factors are met in this ease, especially in light of the significant and persuasive evidence presented at trial, when viewed in its totality. We, therefore, turn to Petitioner’s claim of ineffective assistance of counsel as it relates to satisfaction of the otherwise-applicable procedural bar in this case.
B. Ineffective Assistance of Counsel
Petitioner argues that she received ineffective assistance of trial counsel in violation of her Sixth and Fourteenth Amendment rights. This contention is based on the fact that trial counsel failed to preserve the issue of admissibility of Jared’s hearsay statements by failing to lodge a contemporaneous objection to the admission of those statements at trial.
To demonstrate ineffectiveness of counsel, Petitioner must generally show: (1) that counsel’s performance fell below an objective standard of reasonableness (ie. deficient), and (2) that counsel’s deficient performance was prejudicial. Strickland v. Washington, 466 U.S. 668, 687, 690, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), cited by United States v. Lopez, 100 F.3d 113, 117 (10th Cir.1996). In order to meet the first element, there must be “a showing that counsel made errors so serious that counsel was not functioning as the ‘counsel’ guaranteed by the Sixth Amendment.” Strickland, 466 U.S. at 687, 104 S.Ct. 2052. Petitioner must show that her counsel’s conduct did not fall within the range of competence demanded of an attorney in a criminal case. Id. at 689, 104 S.Ct. 2052; United States v. Carr, 80 F.3d 413, 417 (10th Cir.1996). However, courts are to review such claims with a strong initial presumption that counsel conduct falls within this acceptable range, thereby eliminating the “distorting effects of hindsight.” Strickland, 466 U.S. at 688-89, 104 S.Ct. 2052; Carr, 80 F.3d at 417. With regard to the second element, Petitioner must show that counsel’s errors were “so serious as to deprive [her] of a fair [proceeding in which the] result is reliable.” Strickland, 466 U.S. at 687, 104 S.Ct. 2052. The element is satisfied when there is a “reasonable probability that, but for the alleged errors, the results of the proceedings would have been different.” Id. at 695, 104 S.Ct. 2052.
Petitioner’s argument that counsel rendered ineffective assistance through failure to preserve the hearsay argument through contemporaneous objection does not rise to a violation of the Sixth Amendment in this instance. Petitioner has failed to show that the introduction of the statements were so prejudicial as to change the outcome of the trial. Petitioner has not met the second prong of the Strickland analysis. Because Petitioner fails to show ineffective assistance of counsel, Petitioner *777 also fails to show counsel’s actions rose to such a level of error so as to remove the procedural bar.
Having held that the procedural bar applies to this case, the Court will not further consider Petitioner’s remaining claim regarding hearsay.
VI. CONCLUSION
For the reasons set forth above, we affirm the district court’s decision and find that Petitioner’s Sixth and Fourteenth Amendment rights were not violated by her counsel’s failure to contemporaneously object to the admission of her son’s statements.
For the foregoing reasons, the district court’s denial of Petitioner’s § 2255 habeas petition is AFFIRMED.

 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

. Kan. Stat. Ann. § 60-460(d)(2), (3).