**PUBLISH**

**UNITED STATES COURT OF APPEALS**

**Filed 11/5/96**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

      Plaintiff - Appellee,

v.

JORGE LOPEZ,

      Defendant - Appellant.

No. 96-4046

---

**Appeal from the United States District Court**
**for the District of Utah**
**(D.C. No. 95-CV-805)**

---

Submitted on the briefs:[*]

Scott M. Matheson, Jr., United States Attorney and Richard D. McKelvie, Assistant United States Attorney, Salt Lake City, Utah, for the Plaintiff - Appellee.

Jorge Lopez, pro se.

---

Before **SEYMOUR**, **KELLY** and **LUCERO**, Circuit Judges.

---

**LUCERO**, Circuit Judge.

---

   [*]The case is unanimously ordered submitted without oral argument pursuant to Fed. R. App. P. 34(a) and 10th Cir. R. 34.1.9.

Sentenced for conspiracy to possess with intent to distribute cocaine and to distribute cocaine, 21 U.S.C. §§ 841(a)(1), 846, and for conspiracy to possess with intent to distribute cocaine and to distribute cocaine within 1000 feet of a school, 21 U.S.C. §§ 846, 860(a), Jorge Lopez appeals the district court's denial of his motion for relief under 28 U.S.C. § 2255. He raises four issues: first, that his counsel was constitutionally deficient for failing to advise Lopez to appeal and for failing to file a Rule 29 motion to acquit for insufficiency of the evidence; second, that the trial court violated his due process rights by not fully advising him of his right to appeal; third, that the trial court erred in denying a motion to sever his trial proceedings from those of a co-conspirator, Robert Mitchell; fourth, that the evidence establishing his base offense level was hearsay. We construe these last two claims broadly to allege violations of the petitioner's right to due process.

I

We first consider whether the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 (Apr. 24, 1996), bars Lopez from bringing this § 2255 motion or requires him to obtain a certificate of appealability. See 28 U.S.C. § 2253(c), 2255. Section 2255, as revised by the Act, precludes the filing of a § 2255 motion more than one year after conviction, as is the case here. 28 U.S.C. § 2255 (as amended by 110 Stat. 1214, 1220 (Apr.

-2-

24, 1996)).[1]  Prior to this amendment, a party could bring a § 2255 motion at any time.  Id.  Section 2253(c)(2), as revised by the Act, requires a § 2255 movant who appeals a denial of his motion by the district court to obtain a certificate of appealability from the court of appeals by making a "substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).[2]  Lopez filed a notice of appeal with this court on February 8, 1996, before the effective date of the Act, but no briefs were filed until May 7, after the Act became effective.

We decide that neither provision applies to this appeal.  "If Congress does not prescribe the scope of a statute, we apply intervening civil legislation to pending cases unless it would operate retroactively."  Lennox v. Evans, 87 F.3d 431, 432 (10th Cir. 1996), citing Landgraf v. USI Film Prods., 114 S. Ct. 1483,

---

[1]Section 2255 states certain exceptions for which the one-year period of limitation may not begin to run until a date after conviction.  28 U.S.C. § 2255.  There is no indication that any such exception applies in this case.

[2]Before April 24, 1996, it was not necessary for a § 2255 movant to obtain a certificate of appealability in order to appeal the denial of his motion.  However, § 102 of the Act added 28 § 2253(c), which provides:

(1)  Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from—
    . . .
        (B)  the final order in a proceeding under section 2255.
(2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.

110 Stat. 1217.

1505 (1994). The Act does not contain clear language requiring retroactive application of provisions affecting § 2255 motions. We thus look to whether application of the amended statute to defendant's appeal would have retroactive effect, that is "whether it would impair rights a party possessed when he acted, increase a party's liability for past conduct, or impose new duties with respect to transactions already completed." Landgraf, 511 U.S. at 1505. In essence, the test is whether "the new provision attaches new legal consequences to events completed before its enactment." Id. at 1499. We conclude that both the time limitation to bring a § 2255 motion and the certificate of appealability requirement of § 2253(c)(1)(B) have such effects, and accordingly do not apply them to this case.

With respect to the one-year limitation period, the act of filing a § 2255 motion more than one year after conviction now has an entirely new legal consequence. Previously such a motion would have been considered on the merits. Now, the statute bars judicial consideration. We agree with the Seventh Circuit that retroactive application of the one-year requirement would therefore be inconsistent with Landgraf. Herrera v. United States, No. 96-1778, 1996 WL 536913, *1 (7th Cir. Sept. 23, 1996) (Act not applied to bar appeals properly filed before its enactment); see also Reyes v. Keane, 90 F.3d 676, 679 (2d Cir. 1996)

(finding application of Act's one-year limitation to pending § 2254 habeas action "entirely unfair and a severe instance of retroactivity.").

We conclude also that the amended § 2253(c) should not be applied to a § 2255 appeal filed before the Act's effective date. Before April 24, filing a notice of appeal was all that was required of a defendant appealing the denial of his § 2255 motion. After that date, that same act no longer has the same legal consequence—a substantial showing of a denial of a constitutional right is required in order to perfect the appeal. This change indicates that we should not impose § 2253(c) on already pending § 2255 cases. See Landgraf, 114 S. Ct. at 1502 n.29 (applicability of new procedural provision depends on the posture of the particular case); United States v. Ruth, No. 96-3140, slip op. at 2 n.1 (10th Cir. Nov. 5, 1996) (Act does not call for dismissal of § 2255 appeals properly filed before its enactment); Herrera, 1996 WL 536913 at *1 (pre-Act filing of notice of appeal suffices to place § 2255 case before court of appeals, and Act does not alter the effect of procedural steps completed before its enactment); Martin v. United States, 1996 WL 528816, *1 (7th Cir. Sept. 4, 1996) (same result where prisoner handed prison official notice of appeal before enactment but not received by court until after enactment); cf. Landgraf, 114 S. Ct. at 1502 n.29 ("A new rule concerning the filing of complaints would not govern an action in which the complaint had already been filed under the old regime . . . ."); Thye v. United

States, 1996 WL 539132, *1 (2d Cir. Sept. 24, 1996) (§ 2253(c) not applied to § 2255 appeals properly filed and fully briefed before Act's effective date).[3]

II

Although Lopez's motion is not barred under the Act, we almost always decline to hear collateral attacks for which the defendant has shown no cause and resulting prejudice for his failure to raise the issue at sentencing and on direct appeal. United States v. Frady, 456 U.S. 152, 167-68 (1982); United States v. Allen, 16 F.3d 377, 378 (10th Cir. 1994). One exception to this rule involves ineffectiveness of counsel claims, which need not be raised on direct appeal. United States v. Galloway, 56 F.3d 1239, 1242 (10th Cir. 1995) (en banc). Lopez could have raised his due process claims on direct appeal, but he alleges that his failure to appeal was caused by ineffectiveness of counsel. To the extent that his ineffectiveness of counsel claims have merit, they may constitute cause for failing to raise the due process claims earlier. See Medina v. Barnes, 71 F.3d 363, 370 (10th Cir. 1995) (ineffectiveness of counsel can establish cause excusing

---

[3]In Lennox, this Court held that the certificate requirements of § 2253(c)(2) will be applied to pending habeas petitions brought pursuant to 28 U.S.C. § 2254, because no new legal consequences resulted from the application of § 2253(c)(2) to pending § 2254 cases. Lennox, 87 F.3d at 434-35. Section § 2255 petitioners, however, were not previously required to obtain a certificate of probable cause, so Lennox does not control our decision in this case. Indeed, the Lennox court explicitly reserved the question of whether the amended § 2253(c)(2) has a retroactive effect on § 2255 petition. Lennox, 87 F.3d at 434 n.2.

procedural bar). We therefore turn first to the merits of his ineffectiveness of counsel claims.

III

Appellant cites two allegedly deficient aspects of counsel's representation: first, that counsel inadequately advised him as to the advantages and disadvantages of waiving an appeal; second, that counsel did not file a Rule 29 motion, under Fed. R. Crim. P. 29, to acquit for insufficiency of the evidence. To demonstrate ineffectiveness of counsel, the defendant must generally show that counsel's performance fell below an objective standard of reasonableness, and that counsel's deficient performance was prejudicial. Strickland v. Washington, 466 U.S. 668, 687, 690 (1984). We review claims of ineffective assistance de novo. Brewer v. Reynolds, 51 F.3d 1519, 1523 (10th Cir. 1995), cert. denied, 116 S. Ct. 936 (1996).

A

We consider first whether defendant's counsel was deficient for failing to file a Rule 29 motion. In reviewing a conviction for sufficiency of the evidence, we review the record de novo to determine whether "taking the evidence—both direct and circumstantial, together with the reasonable inferences to be drawn therefrom—in the light most favorable to the government, a reasonable jury could find the defendant guilty beyond a reasonable doubt." United States v. Urena, 27

F.3d 1487, 1489 (10th Cir.) (quotation omitted), cert. denied, 115 S. Ct. 455 (1994). "We reverse only if no rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." United States v. Wacker, 72 F.3d 1453, 1462-63 (10th Cir. 1995), cert. denied, 1996 WL 337194 (U.S. Oct. 7, 1996).

Reviewing the extensive record in this case under this highly deferential standard, we conclude that the evidence against the defendant—both direct and circumstantial—was sufficient to establish all elements of conspiracy to possess with intent to distribute and to distribute cocaine. 21 U.S.C. §§ 841(a)(1), 846.[4] To prove a violation of 21 U.S.C. §§ 841(a)(1) and 846, the government must present evidence sufficient to establish four elements: "(1) agreement with another person to violate the law; (2) knowledge of the essential objectives of the

---

[4]We need not resolve the question of whether the evidence was sufficient to earn the defendant an enhancement of his sentence for the violation of 21 U.S.C. § 860 that might result from his co-conspirator's house being within 1000 feet of a school. Although the record before us shows that defendant was indicted for and convicted of a single count that listed both 21 U.S.C. §§ 841(a)(1) and 860, it does not reveal the precise grounds on which the trial court established the defendant's sentence. We do know, however, that defendant's base offense level was determined to be 34, adjusted downward two levels for the acceptance of responsibility, resulting in a final sentence of 151 months. That determination would be sustained on a violation of § 841(a)(1) alone. Thus the defendant has not established that his counsel's failure to raise a Rule 29 challenge to the § 860 penalty enhancement prejudiced him in any way. In the absence of such a showing, a Strickland challenge based on defendant's conviction under § 860 must fail. We therefore confine our analysis to the sufficiency of the evidence for a conviction under 21 U.S.C. §§ 841(a)(1), 846.

conspiracy; (3) knowing and voluntary involvement; and (4) interdependence among the alleged conspirators." United States v. Edwards, 69 F.3d 419, 430 (10th Cir. 1995) (quotation omitted). Defendant alleges that the second, third, and fourth elements were not established in this case because he had no direct knowledge of his alleged co-conspirator's extensive distribution operations in Utah.

We cannot agree that a rational trier of fact could not have found these elements proven beyond a reasonable doubt. Defendant supplied his co-conspirator, Robert Mitchell, with large quantities of cocaine over an extended period. He was introduced to several of Mitchell's distributors. "By participating in purchases of large quantities of drugs . . . [d]efendant[] necessarily had knowledge of participation in a greater scheme." Id. at 432. The government need not establish that Lopez knew the identities of all participants, or the precise nature of their participation. See id. Rather, it must show, as it did in this case, an "ongoing course of conduct between Defendants in order to achieve a common goal or purpose . . . to profit from the illicit distribution of cocaine." Id. at 431. In the circumstances of this case, the defendant cannot show the requisite "reasonable probability" that but for the failure to bring a Rule 29 motion, the result of the proceeding would have been different. Strickland, 466 U.S. at 694.

B

-9-

We next consider defendant's claim that counsel's assistance regarding an appeal was deficient. Lopez alleges that his counsel was ignorant of whether there were any grounds for appeal.[5] He further alleges that his counsel failed to inform him that not appealing would prevent him from raising meritorious issues not presented on appeal. The district court refused to grant defendant an evidentiary hearing in which to prove these allegations. In response to a § 2255 motion, the district court "must hold an evidentiary hearing on the prisoner's claims "[u]nless the motion and files and records of the case conclusively show that the prisoner is entitled to no relief." Galloway, 56 F.3d at 1240 n. 1 (quoting 28 U.S.C. § 2255). We must first decide whether the defendant's allegations, if proved, would entitle him to relief, and if so, whether the district's court's denial of an evidentiary hearing was an abuse of discretion. Moore v. United States, 950 F.2d 656, 659 (10th Cir. 1991).

---

[5]Defendant received the assistance of two defense attorneys, Benjamin Sanchez, Esq., of San Diego, and Earl Xiaz, Esq., of Salt Lake City. According to the defendant, his trial attorney Mr. Sanchez advised him not to appeal. Mr. Sanchez's representation of the defendant, however, appears to have ended before the trial court advised the defendant of his right to appeal. At that time, Mr. Xiaz was representing the defendant. Mr. Xiaz indicated that he had discussed the possibility of an appeal with the defendant, but had not spoken with Mr. Sanchez. Mr. Xiaz also told the court that defendant understood he had the right to appeal, but would choose not to exercise that right. Construing his motion broadly, we understand Lopez to allege that his attorney during the time when he might have filed an appeal was Mr. Xiaz, and that the latter was unfamiliar with the substance of the preceding trial and consequently ignorant of any grounds for appeal.

Mr. Sanchez's alleged failure to advise the defendant as to the preclusive effect of waiving an appeal is insufficient grounds on which to state a claim under Strickland. It is true that defense counsel must explain the advantages and disadvantages of an appeal. Baker v. Kaiser, 929 F.2d 1495, 1499 (10th Cir. 1991). However, if counsel reasonably believes that there are no meritorious grounds for an appeal, advises a defendant not to appeal on that basis, further advises him that he has a right to appeal regardless, and then acts in accordance with defendant's decision to waive an appeal, his performance cannot be considered deficient.[6] By itself, counsel's failure to explain that a waiver of meritless grounds for appeal will preclude the later raising of those same meritless claims is not constitutionally defective assistance of counsel.

We conclude that counsel in this case did not unreasonably overlook meritorious grounds for appeal. There is no indication that defendant's three collateral claims would have prevailed on direct appeal. First, defendant contends that the trial court denied him due process by failing to instruct him adequately of his right to appeal his conviction. The record makes clear, however, that the trial court acted in accordance with Rule 32(c)(5) of the Federal Rules of Criminal

_____

[6]Defendant has not explained in detail the interaction between himself and Mr. Sanchez. The facts alleged by the defendant are entirely consistent with Mr. Sanchez exercising his considered judgment that there were no meritorious grounds for appeal, and advising the defendant accordingly. Consequently, unless Mr. Sanchez was deficient in his advice, defendant has not pleaded sufficient facts to state a claim under Strickland.

Procedure.  The defendant confirmed to the trial court that he understood he had the right to appeal, regardless of the advice of counsel.

Second, there is nothing in the record to suggest the trial court abused its discretion in denying Lopez's motion for severance.  See Wacker, 72 F.3d at 1468 (denial of motion to sever reviewed for abuse of discretion).  To meet the "heavy burden" required to prevail on a severance motion, "defendant must demonstrate actual prejudice [from the failure to sever] and not merely a negative spill-over effect from damaging evidence presented against codefendants."  Id.; see also Zafiro v. United States, 506 U.S. 534, 539 (1993) (district court should grant severance under Rule 14 only where there is serious risk that joint trial would compromise a specific trial right of one defendant or prevent jury from making reliable judgment about guilt or innocence).  The defendant has pointed to no facts from which an appeals court could infer actual prejudice.  Indeed, his claim appears to be nothing more than a restatement of his previously rejected argument that the evidence against him was insufficient to support a conviction.  Mindful of the recognized value of joint trials for defendants indicted together, see Richardson v. Marsh, 481 U.S. 200, 210 (1987), as well as the district court's cautionary instructions to the jury on the individuality of guilt, see Zafiro, 506 U.S. at 541, we decide that the trial court had discretion to conclude that the

insignificant risk of prejudice present in this case was outweighed by the benefit of a single trial.

Finally, defendant's contention that the sentencing court miscalculated the amount of drugs attributable to him would not have availed him on direct appeal.[7] Although the government has the burden of proving drug quantities by a preponderance of the evidence, the court of appeals reviews the sentencing court's factual findings as to drug quantity for clear error. Wacker, 72 F.3d at 1477. To be entitled to a lower base offense level, Lopez must prove to us that the government clearly failed to introduce sufficient evidence to establish by a preponderance that at least 15 kilograms of cocaine were attributable to him. USSG § 2D1.1(c)(3) (1995).

_____

[7]Defendant also contends that he should have been sentenced at the lower end of the guideline range. He asserts that no reason was given for imposition of sentence at the upper end of the applicable range, and further that "there was no reason" to support such a sentence. Appellant's Br. at 3k. A sentencing court is obligated to state its reasons for fixing a particular sentence within the applicable guideline range whenever that range exceeds 24 months. 18 § U.S.C. 3553(c)(1). Without the sentencing transcript, which is not contained in the record before us, we do not know if the court met the requirements of § 3553(c)(1). However, defendant's claim is not a direct appeal. We therefore conclude that defendant has not shown that he was prejudiced by the failure to challenge this purported violation of § 3553(c)(1). In determining where to fix a sentence within the applicable guideline range, a district court may consider "without limitation, any information concerning the background, character and conduct of the defendant, unless otherwise prohibited by law." USSG § 1B1.4. In light of this expansive discretion, defendant's conclusory statement that "no reason . . . supports" his particular sentence, Appellant's Br. at 3k, does not show with "reasonable probability" that the result of his sentencing procedure would have been different had his attorney challenged the purported violation of § 3553(c)(1), Strickland, 466 U.S. at 694.

Defendant has not met this burden. His only basis for disputing the sentencing court's calculation is that it relied on the hearsay testimony of an FBI informer, Mr. Duane Mitchell, who is the brother of Lopez's codefendant, Robert Mitchell. According to the FBI, Duane Mitchell reported that over the course of three years he had traveled regularly to California to obtain cocaine directly from Lopez. On this basis, the presentence report attributed 43 kilos to the defendant, and the sentencing court accepted this estimate. Hearsay statements need only contain minimal indicia of reliability to be used at sentencing. United States v. Browning, 61 F.3d 752, 755 (10th Cir. 1995). Duane Mitchell's wife, Donna Bennett, corroborated several specific cocaine transactions between Lopez and Duane Mitchell, see Tr., Jan. 21, 1992, at 34-37, 68-69, 72-74, and further testified that Duane would make trips about "once every four to six weeks" during this period, id. at 86.[8] Defendant makes no more than vague, conclusory allegations as to the reliability of Duane Mitchell's estimate of the quantity of cocaine he obtained from Lopez. We therefore see no reason to disturb the trial court's reasonable reliance on that estimate. In addition, other witnesses testified to drug transactions between Lopez and Robert Mitchell. The testimony of Ryan

---

[8]See also Tr., Jan. 21, 1992, at 105 ("Q: And during that, I guess, three-year period of time Duane was making runs to California and was bring [sic] cocaine around all during that time of '86 to '89, correct? A: Yeah.") (testimony of Donna Bennett).

-14-

Nielson alone would probably support an attribution of at least 15 kilos to the defendant.[9]

Lopez has not shown that any of his claims would have succeeded on direct appeal.[10] We thus cannot conclude that counsel's advice not to appeal was deficient. Defendant's ineffectiveness of counsel claim must therefore fail. Because the existing record clearly shows that Lopez is not entitled to relief, the district court did not abuse its discretion in denying him an evidentiary hearing.

IV

We conclude that the defendant has not stated a valid claim for ineffectiveness of counsel. He therefore lacks cause to justify his failure to raise his other claims on direct appeal, which are consequently barred. We AFFIRM the district court's denial of defendant's § 2255 motion for relief from his sentence.

---

[9]Nielson testified that at Robert Mitchell's behest, he made four or "probably five" trips that involved the purchase of cocaine from Lopez, Tr., Jan. 24, 1992, at 58. He estimated that three kilos of brick cocaine were purchased on each trip, id., at 6, giving a probable total of 15 kilos.

[10]This fact also disposes of defendant's ineffectiveness claim against his second counsel, Mr. Xiaz. We need not decide whether Mr. Xiaz's performance was objectively unreasonable in light of his lack of familiarity with the case. No prejudice has been shown from the failure to raise any of the claims examined supra. However ineffective Mr Xiaz's counsel may have been, in the circumstances of this case, it was not constitutionally deficient.