**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**APR 18 1997**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

       Plaintiff-Appellee.

v.

DONALD KEITH AVERILL,

       Defendant-Appellant,

Case No. 96-4115

(D.C. 2:96-CV-336-S)
(District of Utah)

**ORDER AND JUDGMENT**[*]

Before ANDERSON, HENRY, and BRISCOE, Circuit Judges.

After examining the briefs and appellate record, this panel has unanimously determined that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Defendant Donald Keith Averill appeals the district court's denial of his motion under 28 U.S.C. § 2255 to vacate and set aside his sentence on the ground that he received ineffective assistance of counsel. Mr. Averill points to his counsel's failure to object to a two-level sentencing enhancement for obstruction of justice. We exercise jurisdiction under 28 U.S.C. § 1291 and affirm.

## I. BACKGROUND

Mr. Averill was sentenced to 97 months imprisonment after pleading guilty to an information charging him with distributing cocaine in violation of 21 U.S.C. § 841(a)(1). The district court adopted a two-level enhancement under United States Sentencing Guideline ("USSG") § 3C1.1 because Mr. Averill had failed to appear for trial on a prior indictment. The indictment was dismissed without prejudice after Mr. Averill failed to appear. After he later surrendered, the government filed the information under which Mr. Averill was ultimately sentenced, charging some of the same conduct under the same statute as in the indictment.

## II. DISCUSSION

We review claims of ineffective assistance of counsel de novo. See United States v. Lopez, 100 F.3d 113, 118 (10th Cir. 1996). To prevail, Mr. Averill must show that his counsel's performance fell below an objective standard of reasonableness, and that his

counsel's deficient performance was prejudicial.  See Strickland v. Washington, 466 U.S. 668, 687-88, 694 (1984); Lopez, 100 F.3d at 117.

Mr. Averill claims his counsel was derelict in failing to object to the enhancement because USSG § 3C1.1 only permits enhancements for obstruction of justice as to "the instant offense."  USSG Manual § 3C1.1 (1995).  Mr. Averill notes that he did not obstruct justice as to the information under which he was sentenced; rather, he failed to appear for trial on the indictment, which was subsequently dismissed, and under which he was not sentenced.

This argument is without merit.  We have stated that the "instant offense" language of § 3C1.1

> enunciates a nexus requirement that must be met to warrant an adjustment. This requirement is that the obstructive conduct, which must relate to the offense of conviction, must be undertaken during the investigation, prosecution, or sentencing.  Obstructive conduct undertaken prior to an investigation, prosecution, or sentencing; prior to any indication of an impending investigation, prosecution, or sentencing; or as regards a completely unrelated offense, does not fulfill this nexus requirement.

United States v. Gacnik, 50 F.3d 848, 852 (10th Cir. 1995).  In this case, the nexus requirement is clearly satisfied:  The indictment encompassed the charges later contained in the information.  Thus, when Mr. Averill failed to appear for trial, he obstructed the prosecution of charges for which he was later sentenced.  As the Seventh Circuit has stated:  "It is difficult to imagine conduct that more clearly interferes with the administration of justice than a defendant's failure to be present.  When the disposition of

3

the charges cannot proceed until the defendant's presence is secured . . . there is obstruction of justice." United States v. Teta, 918 F.2d 1329, 1335 (7th Cir. 1990).

Thus, it is of no significance that Mr. Averill failed to appear for trial on one charging document and was later sentenced under another. Indeed, the only reason a second charging document had to be filed is that Mr. Averill's flight forced the dismissal of the first document under the Speedy Trial Act of 1974, 18 U.S.C. §§ 3161-3174. Under these circumstances, it would have been unjust for the district court to deny the enhancement for obstruction of justice; doing so would have allowed Mr. Averill to benefit from having put the government to the expense of refiling charges against him.

Because the enhancement was appropriate, we cannot say that counsel's failure to object to it "fell below an objective standard of reasonableness." Strickland, 466 U.S. at 688. Even if counsel's performance had been deficient, we could not say that it was prejudicial: Mr. Averill has not shown that "counsel's . . . performance rendered the proceeding 'fundamentally unfair or unreliable.'" United States v. Kissick, 69 F.3d 1048, 1055 (10th Cir. 1995) (quoting Lockhart v. Fretwell, 506 U.S. 364, 369 (1993)), cert. denied, 117 S.Ct. 1008 (1997).

## III. CONCLUSION

Accordingly, because Mr. Averill has failed to show deficient performance by counsel, or prejudice in the outcome of the proceedings, the judgment of the district court is AFFIRMED.

4

The mandate shall issue forthwith.

Entered for the Court,


Robert H. Henry
Circuit Judge