**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**OCT 25 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

UNITED STATES OF AMERICA ,

Plaintiff-Appellee,

v.

KENNETH L. THOMPSON,

Defendant-Appellant.

No. 00-3004
(D.C. Nos. CR-95-20066-01 &
CV-98-3256-GTV)
(D. Kan.)

---

**ORDER AND JUDGMENT** *

---

Before **BALDOCK, ANDERSON,** and **HENRY** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Petitioner Kenneth L. Thompson appeals from an order of the district court denying his motion filed pursuant to 28 U.S.C. § 2255 . We affirm.

---

\* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Thompson was convicted by a jury of two counts of possession of methamphetamine with intent to distribute. His conviction was affirmed on appeal. Although denying Thompson's § 2255 motion, the district court granted a certificate of appealability on the issues of whether Thompson was denied effective assistance of counsel and whether the court erred in denying his motion without an evidentiary hearing.

"[W]e review the district court's legal rulings on a § 2255 motion de novo and its findings of fact for clear error." United States v. Pearce, 146 F.3d 771, 774 (10th Cir. 1998). We will grant relief if we determine that "the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack." 28 U.S.C. § 2255.

To establish ineffective assistance of counsel, Thompson must demonstrate both that his attorney's representation was deficient and that he was prejudiced by that deficiency. See Strickland v. Washington, 466 U.S. 668, 687 (1984). There is a strong presumption that counsel provided effective assistance. See id. at 689.

Thompson posits that counsel erred by not requesting a lesser included offense instruction. [1] We use a four-part test to determine whether a lesser included offense instruction should have been given, looking at whether: "(1) there was a proper request; (2) the lesser included offense includes some but not all of the elements of the offense charged; (3) the elements differentiating the two offenses are in dispute; and (4) a jury could rationally convict the defendant of the lesser offense and acquit him of the greater offense." United States v. McGuire , 200 F.3d 668, 673 (10th Cir. 1999) (quotation omitted).

Upon review of the materials presented to us, we agree with the district court that Thompson cannot make the required showing. Even if we were to accept Thompson's allegations regarding counsel's alleged errors as true, Thompson cannot establish prejudice. See Fox v. Ward , 200 F.3d 1286, 1295 (10th Cir.) ("An ineffective assistance claim may be resolved on either performance or prejudice grounds alone."), cert. denied, ___ S. Ct. ___, 2000 WL 1281480 (U.S. Oct. 10, 2000) (No. 00-5995). Thompson cannot meet the fourth prong of showing that a rational jury could have found him guilty only of

[1] In his motion to the district court, Thompson also alleged ineffective assistance based on counsel's failure to request a jury instruction on the voluntariness of his self-incriminating statement and misrepresentation to him regarding the offer of a plea bargain during jury negotiations. Thompson does not advance these issues on appeal and we do not address them. See State Farm Fire & Cas. Co. v. Mhoon, 31 F.3d 979, 984 n.7 (10th Cir. 1994).

possession of methamphetamine and not intent to distribute. The evidence before the jury was such that it could not rationally have convicted him of the lesser offense of possession.

Thompson argues that the district court erred by not holding an evidentiary hearing. An evidentiary hearing is not required if "the motion and files and records of the case conclusively show that the prisoner is entitled to no relief." United States v. Lopez, 100 F.3d 113, 119 (10th Cir. 1996) (quotations omitted). Although the proferred affidavits set forth disputed facts which could bring into question whether counsel's representation was deficient, these facts are not material because Thompson cannot establish the second Strickland prong. The district court did not err in not holding an evidentiary hearing.

The judgment of the United States District Court for the District of Kansas is AFFIRMED for substantially the reasons stated by the district court in its order of July 14, 1999.

Entered for the Court


Bobby R. Baldock
Circuit Judge

-4-