**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

     Plaintiff-Appellee,

v.

JOHNNY MARTON LOTT,

     Defendant-Appellant.

No. 09-6161
(D.C. Nos. CR-99-30-D-2; CIV-07-934-D)
(W.D. Okla.)

## ORDER DENYING CERTIFICATE OF APPEALABILITY[*]

Before **HARTZ**, **SEYMOUR** and **EBEL**, Circuit Judges.

Defendant Johnny Marton Lott seeks a certificate of appealability (COA) from this court to challenge the district court's denial of his motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. Because Mr. Lott has failed to meet the standards required before this court can issue a COA, we DENY his request and DISMISS this appeal. We also DENY his motion to proceed in forma pauperis.

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

## Background

Mr. Lott was convicted in the United States District Court for the Western District of Oklahoma on multiple drug counts: conspiracy to manufacture and distribute methamphetamine in violation of 21 U.S.C. § 846; distribution of methamphetamine in violation of 21 U.S.C. § 841(a)(1); and maintaining a residence to manufacture methamphetamine in violation of 21 U.S.C. § 856(a)(1). He was sentenced to concurrent terms totaling 360 months' imprisonment. The facts of these underlying convictions are recounted in United States v. Lott, 310 F.3d 1231, 1235-38 (10th Cir. 2002) [Lott I], in which we affirmed his conviction and sentence. We did, however, remand for a hearing on Mr. Lott's claims that the district court had improperly refused to consider his pro se requests for substitution of counsel during trial. Id. at 1248-50. After a hearing on remand, the district court determined that there had been no total breakdown in communication between Mr. Lott and his trial counsel, and thus substitute counsel was not necessary; we affirmed this determination in United States v. Lott, 433 F.3d 718 (10th Cir. 2006) [Lott II].

As we have previously recounted the facts of Mr. Lott's case in Lott I and Lott II, we here add only those facts necessary to rule on his § 2255 claims. In short, at trial, the government presented the testimony of several individuals who had purchased methamphetamine from Mr. Lott, as well as extensive physical and documentary evidence connecting him to a residence used as a clandestine methamphetamine lab, a

2

hotel room used for similar purposes, and a vehicle in which methamphetamine was found. Lott I, 310 F.3d at 1235-36. As the district court here noted, the government's evidence against Mr. Lott was "overwhelming." Dist. Ct. Op. at 4. During the trial, Mr. Lott tendered five pro se motions to the court asserting that he was dissatisfied with his counsel. Lott I, 310 F.3d at 1237. On remand, the district court held a hearing and denied relief on this ground. On appeal of that decision, we observed that the evidence presented at the hearing on remand showed that Mr. Lott and his counsel corresponded through letters, spoke on the telephone, and met in person at least twice prior to trial. Lott II, 433 F.3d at 721. We also noted that Mr. Lott's counsel testified that "Lott refused to assist him with his defense and instead claimed he had been set up and the witnesses were all lying." Id.

**Discussion**

Mr. Lott now seeks a COA from this court on four claims: (1) that he received ineffective assistance of counsel because his trial attorney refused to call four witnesses Mr. Lott identified; (2) that his trial counsel refused to allow Mr. Lott to testify in his own defense, and was thus ineffective; (3) that he received ineffective assistance of counsel when his trial attorney refused to seek sequestration of the government's case agent during the trial; and (4) that the district court abused its discretion when it did not hold an evidentiary hearing on his § 2255 motion. We will issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." 28

3

U.S.C. § 2253(c)(2). To make such a showing, Mr. Lott must demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)).

To make out a claim of ineffective assistance of counsel, Mr. Lott must show that "(1) his counsel's performance was constitutionally deficient, and (2) counsel's deficient performance was prejudicial." United States v. Cook, 45 F.3d 388, 392 (10th Cir. 1995) (citing Strickland v. Washington, 466 U.S. 668, 687 (1984)). Deficient performance is that which "falls below an objective standard of reasonableness," and such deficient performance is prejudicial if there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 690, 694. We may consider the two prongs in any order. Id. at 697. In evaluating the performance of counsel, the court must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689. Finally, as Mr. Lott now proceeds pro se, we must construe his pleadings liberally. Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).

Mr. Lott first asserts that he received ineffective assistance of counsel because his attorney refused to call four witnesses that he had identified: Angela Lott, his daughter, Vickie Lott, his ex-wife, Cheri Lott, his sister, and Carron Corn, his mother, who is now deceased. The record does not indicate that Mr. Lott made any proffer to the district

4

court during his original trial regarding what these witnesses would have said. He here proffers affidavits from the three witnesses still living. (Apl't Br. Attach.) Mr. Lott insists that all four witnesses would have testified that he did not sell drugs, did not enjoy the "lucrative" lifestyle of a drug dealer, and frequently borrowed money from them to pay his bills. (Id. at 12.)

The district court held that, no matter what these witnesses would have testified, it would not have been sufficient to overcome the government's "overwhelming" evidence of Mr. Lott's guilt. Dist. Ct. Op. at 4. We agree, and note further two issues. First, according to the affidavits, the only relevant testimony that Mr. Lott claims his family members would have offered—that he borrowed money from them and that he lived with his sister while not living with his ex-wife—would not, even if presented, have rebutted the government's evidence of Mr. Lott's involvement in the criminal enterprise. Second, we note that Mr. Lott's counsel submitted an affidavit to the district court asserting that Mr. Lott never indicated that he wanted counsel to call any of the referenced witnesses, or any witnesses at all, for that matter. (R. Vol. I at 69-70 ("Mr. Lott never suggested or gave me the names of any witnesses to call for trial, or at sentencing.").) Even if we were to resolve this factual dispute in Mr. Lott's favor, we still cannot conclude—on the basis of the government's evidence and the thinness of what Mr. Lott indicates the four witnesses would have testified—that presenting the testimony would have made any difference to the outcome. Therefore, Mr. Lott cannot establish actual prejudice, and so cannot maintain a claim of ineffective assistance of counsel.

Second, Mr. Lott asserts that his attorney prevented him from taking the stand to testify in his own defense.  As the district court noted, such an action would fall below an objective standard of reasonableness, and establish deficient performance.  See United States v. Teague, 953 F.2d 1525, 1534 (11th Cir. 1992).  The district court also noted, however, that Mr. Lott's attorney's affidavit denies that Mr. Lott ever requested to testify, and in fact states that on multiple occasions counsel asked Mr. Lott if he wanted to testify, and Mr. Lott declined.  (R. Vol. I at 70.)  Without resolving this factual dispute, we note that even if deficient performance were established by this rationale, Mr. Lott would still have to prove actual prejudice.  We agree with the district court that, no matter what Mr. Lott's testimony would have been—and he has not indicated in his papers what he would have said had he testified—it would not have been sufficient to outweigh the overwhelming evidence put on by the government.  We concur with the district court that Mr. Lott did not receive ineffective assistance of counsel on this issue.

On Mr. Lott's third claim—that his attorney rendered ineffective assistance by failing to seek sequestration of the government's case agent, Detective Phil Long, during his trial under Federal Rule of Evidence 615—the district court held that this claim was without merit, and we concur.  The Rule requires courts to sequester witnesses at the request of a party, but contains exceptions for "an officer or employee of a party which is not a natural person designated as its representative by its attorney" and "a person whose presence is shown by a party to be essential to the presentation of the party's cause."  Fed. R. Evid. 615(2)-(3).  Detective Long, as the government's case agent and "the

6

person most knowledgeable about the facts," Dist. Ct. Op. at 7, would have fallen in either or both of these categories, had Mr. Lott's counsel made a motion under Rule 615. Therefore, counsel's performance on this issue was not deficient, and thus Mr. Lott cannot establish that he received ineffective assistance of counsel.

Finally, Mr. Lott argues that the district court's decision not to hold an evidentiary hearing on his § 2255 petition constituted an abuse of discretion. A district court "must hold an evidentiary hearing on the prisoner's claims unless the motion and files and records of the case conclusively show that the prisoner is entitled to no relief." United States v. Lopez, 100 F.3d 113, 119 (10th Cir. 1996) (quotation marks omitted); 28 U.S.C. § 2255(b). We review a district court's decision not to hold a hearing for abuse of discretion. Lopez, 100 F.3d at 119. The district court here concluded that no hearing was necessary. Dist. Ct. Op. at 7 n.6. As discussed above, none of Mr. Lott's contentions in his § 2255 motion have merit, and so we cannot hold that the district court abused its discretion in electing not to hold an evidentiary hearing.

## Conclusion

In sum, we conclude that reasonable jurists could not debate the propriety of the district court's dismissal of Mr. Lott's § 2255 petition. We therefore DENY Mr. Lott's application for a certificate of appealability and DISMISS this appeal. We finally DENY

his motion to proceed in forma pauperis.

ENTERED FOR THE COURT

David M. Ebel
Circuit Judge