FILED
United States Court of Appeals
Tenth Circuit

March 31, 2010

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

STEVEN C. PERRINE,

Defendant - Appellant.

No. 09-3298

(D. Kansas)

(D.C. Nos. 6:09-CV-01065-MLB and
6:05-CR-10254-MLB-1)

**ORDER DENYING
CERTIFICATE OF APPEALABILITY**[*]

Before **HARTZ**, **ANDERSON**, and **TYMKOVICH**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist in the determination

of this matter. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is

therefore ordered submitted without oral argument.

Defendant and petitioner, Steven C. Perrine, a prisoner proceeding *pro se*,

seeks a certificate of appealability ("COA") in order to appeal the district court's

---

[*]This order is not binding precedent except under the doctrines of law of
the case, res judicata, and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

denial of his 28 U.S.C. § 2255 petition and his accompanying request for an evidentiary hearing. We deny Mr. Perrine a COA and dismiss this matter.

## BACKGROUND

Mr. Perrine is currently serving a 235-month sentence following his conviction on counts related to child pornography, illegal possession of firearms and criminal forfeiture. Our court affirmed his conviction in 2008. See United States v. Perrine, 518 F.3d 1196 (10th Cir. 2008). Mr. Perrine contends that he requested his retained counsel to file a petition for certiorari, but that his counsel "refused." Our opinion sets forth all the facts pertaining to Mr. Perrine's conviction, so we do not state them here, except where necessary to our disposition.

On March 17, 2009, Mr. Perrine filed a § 2255 petition to vacate, set aside, or correct a sentence. He argued the following: (1) he was convicted by evidence gained as a result of an unconstitutional search and seizure; (2) he was unlawfully arrested; (3) he was subjected to double jeopardy; and (4) his retained counsel was ineffective. The district court rejected the first three grounds for relief, as these arguments "were either unsuccessfully raised, or could have been raised, on direct appeal." Memorandum & Order at 2, R. Vol. 1 at 114. The district court correctly disposed of those three issues. See United States v. Bolden, 472 F.3d 750, 751 (10th Cir. 2006) ("We remind [petitioner] that a § 2255 petition is not an

appropriate vehicle to raise issues that should have been raised on direct appeal."). With respect to Mr. Perrine's claim of ineffective assistance of counsel, the district court found that Mr. Perrine's "retained counsel's performance more than satisfied the Strickland standards." Memorandum & Order at 7, R. Vol. 1 at 119. The district court also denied Mr. Perrine's request for an evidentiary hearing.

Mr. Perrine filed a motion before the district court to reconsider its prior decision. The district court denied his motion, observing that Mr. Perrine had been "fairly tried, convicted and sentenced." Memorandum & Order at 3, R. Vol. 1 at 129. This appeal followed.

On appeal, Mr. Perrine argues: (1) the government's delivery of his computer to him, following his state conviction on pornography charges,[1] with more than 16,000 images of child pornography still on it "violated the appellant's right of privacy by interfering with the conduct of his Court ordered, medically supervised treatment plan"; (2) the district court erred as a matter of law in denying his § 2255 petition "where the Court misstated the legal standard and necessary elements of the 'outrageous Government conduct' defense and also ruled . . . that a finding of 'no outrageous Government conduct' precluded a

---

[1]As the district court stated, "at the time [Mr. Perrine] came to the attention of federal authorities, [he] was successfully completing his probation following a 2003 state conviction for sexual exploitation of a child." Memorandum & Order at 3, R. Vol. 1 at 115.

finding of entrapment"; (3) the government violated the court's ruling in limine and failed to enforce "its own ruling excluding the presentation at trial of images that were returned to the defendant on February 9, 2004"; (4) the district court erred by "effectively prohibit[ing] defense counsel from raising the entrapment defense"; (5) defense and appellate counsel rendered ineffective assistance; and (6) the district court erred in failing to grant him an evidentiary hearing. Appellant's Op. Br. at (i) and (ii).

The issuance of a COA is jurisdictional. We will issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make this showing, Mr. Perrine must demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000). Where the district court has rejected a claim on its merits, the "petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Id. When the district court dismisses a petition on procedural grounds, the applicant must not only make a substantial showing of the denial of a constitutional right; he must also demonstrate that the district court's "dismissal on procedural grounds was debatable or incorrect." Id. at 485. "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of

-4-

the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." Id. at 484.

It appears that the first four issues are raised by Mr. Perrine for the first time in this appeal. "We ordinarily do not decide issues raised for the first time on appeal." Fairchild v. Workman, 579 F.3d 1134, 1144 (10th Cir. 2009); see also Tele-Commc'ns, Inc. v. Comm'r, 104 F.3d 1229, 1233 (10th Cir. 1997) (holding that this court is not "a 'second-shot' forum . . . where secondary, back-up theories may be mounted for the first time"). Moreover, as the district court held with respect to a number of issues presented to it, those issues are equally subject to dismissal because they either were, or could have been, raised on direct appeal. The remaining issues not subject to procedural bar are the question of the effectiveness of counsel and the propriety of the district court's denial of an evidentiary hearing.

While Mr. Perrine endeavors to challenge the effectiveness of both trial and appellate counsel on appeal, he only challenged the effectiveness of trial counsel before the district court. Accordingly, we will only address that issue in this appeal. As indicated, the district court considered the merits of Mr. Perrine's argument that his trial counsel was ineffective. We conclude that no jurist of reason could debate whether the petition should have been resolved differently on

that issue. Indeed, no jurist of reason could find fault with the district court's analysis of the matter.

Finally, Mr. Perrine asserts that the district court should have ordered an evidentiary hearing. "In response to a § 2255 motion, the district court must hold an evidentiary hearing on the prisoner's claims unless the motion and files and records of the case conclusively show that the prisoner is entitled to no relief." United States v. Lopez, 100 F.3d 113, 119 (10th Cir. 1996) (quotations omitted). Mr. Perrine's motion and supporting materials conclusively establish that he is not entitled to any relief. Accordingly, the district court did not abuse its discretion in denying an evidentiary hearing. See id. (applying abuse of discretion standard to district court's denial of evidentiary hearing).

### CONCLUSION

Because we find no jurists of reason would find it debatable whether the district court was correct in denying Mr. Perrine's § 2255 petition, we deny Mr. Perrine's application for a COA and dismiss this matter. We also conclude that the district court did not abuse its discretion in denying Mr. Perrine an evidentiary hearing.

ENTERED FOR THE COURT

Stephen H. Anderson
Circuit Judge

-6-