**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**March 24, 2011**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

   Plaintiff - Appellee,

v.

HECTOR MOREIRA,

   Defendant - Appellant.

No. 10-3321
(D.C. No. 2:06-CR-20021-KHV-JPO-1
& 2:10-CV-02004-KHV)
(D. Kansas)

---

**ORDER DENYING**
**CERTIFICATE OF APPEALABILITY**[*]

---

Before **BRISCOE**, **ANDERSON**, and **MURPHY**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this matter. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Hector Moreira, proceeding pro se, seeks a certificate of appealability ("COA") to appeal the district court's denial of his motion pursuant to 28 U.S.C. § 2255. Mr. Moreira pleaded guilty to conspiracy to violate and violation of

---

[*]This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

multiple federal drug trafficking laws and was sentenced to life in prison. He

filed a direct appeal of his sentence which this court affirmed. United States v.

Moreira, 317 Fed. App'x 745 (10th Cir. 2008). Subsequently he filed the instant

§ 2255 motion seeking to vacate his sentence and conviction and withdraw his

guilty plea, alleging ineffective assistance of counsel. The district court denied

the motion and declined to issue a COA.

For the reasons stated below, we deny COA and dismiss this matter.


**BACKGROUND**

Mr. Moreira does not claim factual innocence. Nor does he dispute the

essential underlying facts which are detailed by the district court in its

Memorandum and Order dated October 13, 2010. The facts show that

Mr. Moreira was involved with a number of others, in a drug-trafficking operation

in Kansas City, Kansas. That operation was investigated by the Drug

Enforcement Administration ("DEA") beginning in 2005. Using confidential

sources and surveillance, the DEA confirmed that Mr. Moreira was selling and

coordinating the sale of methamphetamine, part of which activities involved a

location at 1814 Bunker Avenue in Kansas City. The district court summarizes

Mr. Moreira's arrest and subsequent charges as follows:

> On April 29, 2006, DEA agents arrested . . . Moreira and
> Perez-Jacome at the Bunker Avenue house. DEA agents had already
> arrested the other members of the conspiracy. When agents entered

the Bunker Avenue residence, they saw Moreira standing at the stove with a pot of methamphetamine and baggies nearby, and approximately one-half kilogram of cocaine on the kitchen table. During the search of the Bunker Avenue house, agents found large amounts of drugs and drug paraphernalia. In a drop ceiling, agents also found four handguns, an AK-47 assault rifle, an SKS Norinco assault rifle, various magazines, a large amount of ammunition and more than $7,000.

On May 26, 2006, a grand jury returned a 21-count indictment which charged Moreira and 12 co-defendants. In particular, the indictment charged defendant with (1) conspiracy to possess with intent to distribute 50 grams or more of methamphetamine, 500 grams or more of cocaine, 50 grams or more of methamphetamine, and a detectable amount of marijuana, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii), (b)(1)(B)(ii), (b)(1)(D), 846, and 18 U.S.C. § 2; and (2) distribution of five grams or more of methamphetamine, in violation of 21 U.S.C. § 841 (a)(1) and (b)(1)(B)(viii), and 18 U.S.C. § 2. Trial was set for March 20, 2007. On March 19, 2007, three co-defendants (Kenet Del Cid-Rendon, Terri Burford and Justin Bolligi) pled guilty. On the day of trial, defendant and his remaining three co-defendants (Bayron Moreira, Edguar Lizard-Figueroa and Alberto Perez-Jacome) pled guilty without plea agreements.[3] Even so, as to defendant, the government agreed to recommend a sentence at the low end of the applicable sentencing guideline range.

_____

[3]The Court later allowed Perez-Jacome to withdraw his plea, but a jury ultimately convicted him and the Tenth Circuit affirmed his conviction. See United States v. Perez-Jacome, 356 Fed. Appx. 212 (10th Cir. 2009).

Mem. & Order at 2-3.

On March 20, 2007, the day scheduled for his trial to begin, Mr. Moreira appeared in court and entered a plea of guilty. The district court held an extensive hearing, pursuant to Fed. R. Crim. P. 11, prior to accepting the guilty plea. At the beginning of the hearing there was some discussion as to the length of sentence Mr. Moreira would be facing, and the court took a 40-minute recess to allow Mr. Moreira to confer further with his counsel. Following that recess, the court took every precaution to make sure Mr. Moreira understood that he was facing a prison term which could be up to life, to be determined by the court at the time of sentencing. The court explained at length the many factors which could affect what sentence the court would ultimately impose. Those factors explicitly included an explanation of the use and potential impact of relevant conduct. In particular, the court took pains to address Mr. Moreira and establish on the record, by eliciting responses from him, that no sentence was promised, set or guaranteed. Throughout, the district court established from Mr. Moreira that he was pleading guilty voluntarily.

After pleading guilty, Mr. Moreira did not file a motion pursuant to Fed. R. Crim. P. 11(d)(2) or in any other way seek to withdraw that plea prior to sentencing.

At sentencing on October 4, 2007, Mr. Moreira's counsel objected to the Presentence Investigation Report ("PSIR"):

> because (1) it included the enhancement for possession of a firearm, (2) it did not include a downward adjustment for a minor or minimal role in the offense, (3) it stated that he was not eligible for a two level downward adjustment under the "safety valve" provision of U.S.S.G. §5C1.2 and (4) it overstated the amount of drugs attributable to him. Defendant also objected to the government's failure to request a third level for acceptance of responsibility.

Id. at 4. The district court, after hearing testimony from government witnesses, overruled those objections.

Subsequently, Mr. Moreira appealed his sentence, which, as mentioned above, this court affirmed; but he did not challenge his guilty plea.

On January 4, 2010, two years and three months from the date he was sentenced, Mr. Moreira filed the instant § 2255 motion, seeking to vacate his guilty plea. In his motion, he raised more than a dozen issues, the bulk of which were under the rubric of alleged ineffective assistance of counsel. However, his brief to this court pursues only three claims: (1) ineffective assistance of counsel resulting in a plea of guilty without a plea agreement; (2) ineffective assistance of counsel in that counsel failed to challenge the district court's jurisdiction and seek a dismissal of the indictment due to an alleged violation of the Speedy Trial Act; and (3) alleged abuse of discretion by the district court in failing to conduct an evidentiary hearing. Aplt's Combined Op. Br. & App. for COA at 3-4.

**DISCUSSION**

Pursuant to 28 U.S.C. § 2253(c)(2), a prisoner seeking a COA must make "a substantial showing of the denial of a constitutional right." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). He may do so by "showing that reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (internal quotation marks omitted). Thus, when the district court has ruled on the merits of the prisoner's claims, he must show that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Id.

A claim of ineffective assistance of counsel is a mixed question of law and fact which we review de novo. Fisher v. Gibson, 282 F.3d 1283, 1290 (10th Cir. 2002). To establish ineffective assistance of counsel, a criminal defendant must demonstrate: (1) that his trial counsel was deficient such that he was deprived of "reasonably effective assistance"; and (2) that counsel's deficient performance prejudiced his case, meaning that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland v. Washington, 466 U.S. 668, 687, 694 (1984). It is permissible for a reviewing court, if it so chooses, to proceed directly to the prejudice prong of the Strickland analysis. Id. at 697 ("If it is easier to dispose of an effectiveness claim on the ground of lack of sufficient prejudice, which we

expect will often be so, that course should be followed."); see Romano v. Gibson, 239 F.3d 1156, 1181 (10th Cir. 2001) ("This court can affirm the denial of habeas relief on whichever Strickland prong is easier to resolve.").  Prejudice in the guilty plea context requires Mr. Moreira to establish that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial."  Hill v. Lockhart, 474 U.S. 52, 59 (1985). Because Moreira is proceeding pro se, we construe his filings liberally.  See Van Deelen v. Johnson, 497 F.3d 1151, 1153 n.1 (10th Cir. 2007).

### 1.  Ineffective Assistance – Guilty Plea

Mr. Moreira's complaints about his counsel are numerous.  He alleges that counsel did not meet with him for eight months prior to the scheduled trial date, did not prepare for trial, did not inform him that when he appeared on March 20, 2007, it was for his trial to begin, filed no pretrial motions, did not explain the sentencing guidelines or the role of relevant conduct, did not seek to plea bargain with the government so that there was no benefit of a plea agreement, directed him to plead guilty because of lack of preparation, and promised a sentence of thirty years.  Mr. Moreira further alleges that he was vulnerable because he did not know the justice system and trusted his attorney.  These representations boil down to claims by Mr. Moreira that his guilty plea was not knowing and voluntary because he was, essentially, tricked, enticed or coerced into pleading guilty; and that he

had been promised a thirty-year sentence. Further, he claims that his attorney deprived him of the plea bargain process which, arguably, would have yielded a shorter sentence.

As indicated above, the district court thoroughly examined and confirmed the voluntariness of Mr. Moreira's plea and established the fact that although counsel roughly estimated a sentence of thirty years, no promises or guarantees were made. To the contrary, Mr. Moreira was specifically advised that his sentencing range included life. Those findings by the district court, and relevant case law citations, are uncontested in Mr. Moreira's brief to this court.

We have reviewed the change of plea hearing transcript covering more than 80 pages. Change of Plea Hr'g Tr., Mar. 20, 2007. The record establishes beyond question that Mr. Moreira pled guilty intelligently, knowledgeably and voluntarily, and did so without threat, promise or coercion, all as found by the district court in this § 2255 proceeding. D. Ct. Memo. and Order at 7-11.

As for the allegation that the government would have offered a beneficial plea agreement if counsel had attempted to bargain, that argument is both legally and factually unavailing. First, it is rank speculation. Second, the facts do not support it. At sentencing, Mr. Moreira's counsel stated (in arguing for a further acceptance of responsibility adjustment, and explaining the delay in entering a plea):

[MR. SIMON:]  The Court will remember at the time we entered the plea, the Court inquired as to why this plea had not been entered earlier and I advised the Court at that time that we had attempted to enter into a Plea Agreement and it would be somewhat beneficial to Mr. Moreira which would involve debriefing.

The government advised me they were not particularly interested in Mr. Moreira's debriefing because, first of all, they viewed him as being at the top of the food chain, at the apex of the pyramid, and second, that the government believed it had a sufficiently strong case to proceed without Mr. Moreira's cooperation.

It was only on the day of trial when Mr. Moreira entered his plea that the government agreed to let Mr. Moreira be debriefed and he, in fact, was debriefed.

Tr. of Sentencing Hr'g, Oct. 4, 2007, at 56.

Government counsel then responded:

[MS. MOREHEAD:]  You know, our position all along was our case was strong, we didn't need – and we didn't – we shouldn't have had to allow Mr. Moreira the opportunity to be debriefed.  Regardless, we did, and, frankly, Judge, it was the most worthless debriefing of anybody I can say I've debriefed in the five years since I've been here.  And I've been involved in debriefing a lot of individuals.  It was a big waste of time.  And he gave us no useful information.

So, again, that was another reason that we had declined all along was we didn't think he would have anything to offer or that he would give us anything of any benefit.  And he didn't.

Id. at 60.

The district court clearly did not err in rejecting Mr. Moreira's claims of

ineffective assistance of counsel in connection with Mr. Moreira's guilty plea.

## 2. Ineffective Assistance – Speedy Trial Act

The Speedy Trial Act, 18 U.S.C. § 3161, et seq. ("Act"), requires that defendants be tried within 70 days of indictment or their first appearance in court, whichever is later. It also specifies that certain periods of time may be excluded from the 70-day calculation. Mr. Moreira's brief alleges that his counsel was ineffective for failing to move for dismissal of the indictment because the Act was violated, citing the recent Supreme Court decision in Bloate v. U.S., 130 S. Ct. 1345 (2010).

The district court addressed this claim pointing out that excludable periods of delay under the Act include periods relating to co-defendants, § 3161(h)(6), and, by reference, identifying qualifying periods of delay in this case. D. Ct. Memo. and Order at 6. Mr. Moreira does not contest any part of the district court's reasoning or authorities on this point, or on the related Sixth Amendment issue. Likewise, Mr. Moreira does not address the fact that, in any event, a guilty plea constitutes a waiver of any right to dismissal under the Act. Id. at § 3162(a)(2). And, finally, he fails, also in any event, to establish prejudice since he cannot show that even if there were a hypothetical dismissal, it would have been with, instead of without, prejudice. See id. § 3162(a)(1).

In these and other respects Mr. Moreira's citation to Bloate, 130 S. Ct. 1345, is both unavailing and inapposite. That case deals only with the excludability of time for preparing pretrial motions.

-10-

### 3. Evidentiary Hearing

Mr. Moreira argues that the district court's decision not to hold an evidentiary hearing on his § 2255 petition constituted an abuse of discretion. A district court "must hold an evidentiary hearing on the prisoner's claims unless the motion and files and records of the case conclusively show that the prisoner is entitled to no relief." United States v. Lopez, 100 F.3d 113, 119 (10th Cir. 1996); 28 U.S.C. § 2255(b). We review a district court's decision not to hold a hearing for abuse of discretion. Lopez, 100 F.3d at 119. Mr. Moreira's argument on this point is long on rhetoric and speculative possibilities. The district court concluded that no hearing was necessary. D. Ct. Memo. and Order at 16. As discussed above, none of Mr. Moreira's contentions in his § 2255 motion have merit, and so we cannot hold that the district court abused its discretion in electing not to hold an evidentiary hearing.

### CONCLUSION

The district court's Memorandum and Order thoroughly, cogently, and correctly addresses Mr. Moreira's assertions. For the reasons stated above, and substantially for the reasons set out in the district court's opinion, we conclude that reasonable jurists could not debate the propriety of the district court's dismissal of Mr. Moreira's § 2255 petition. We therefore DENY Mr. Moreira's

application for a COA and dismiss this matter.  Finally, we DENY his motion to proceed in forma pauperis.

ENTERED FOR THE COURT


Stephen H. Anderson
Circuit Judge